Richmond P. J.,
delivered the opinion of the court.
The plaintiff, Jacob Fist, appellee herein, brought this action to recover the sum of $2,000, from the appellants, Eman-r uel and Julius Fist, as partners, for work andlabor done. The defendants by their answer deny the indebtedness and set up *274 a settlement which they allege was made September 5, 1890, averring that at the time of the settlement they paid to the plaintiff the sum of $300, and took from Mm a receipt in full of all demands and accounts existing between the parties. In the replication to the answer, plaintiff admits that he was paid the sum of $300, and that the sum was credited on the account of the defendants, leaving a balance due him of $2,000 ; denies that he made a receipt in full of all demands, and avers that he supposed the receipt contained simply an acknowledgment of the receipt of the sum of $300 ; that he could neither read nor write the English language, and that if the receipt purports to be in full of all demands that it was fraudulently obtained, and without his knowledge of its actual contents.
On this state of facts trial was had to a jury and resulted in a judgment for plaintiff in the sum of $1,146.25. Motion for a new trial overruled; exceptions reserved to the judgment which was entered. To reverse which the copartners prosecute this appeal.
The errors assigned are: That the verdict is unsupported by the testimony; that the court erred in its instructions to the jury, and in refusing to give instructions asked by the defendant, and in overruling the motion for a new trial.
W e find that all the errors alleged are without support in the record. It would' avail nothing for us to recite the testimony in full for the purpose of sustaining the conclusion we have reached regarding it. Such is not the usual practice of courts of review when, after a careful reading of the testimony, it appears that there is sufficient evidence upon which the verdict of the jury could have been predicated.
The plaintiff testifies to the employment and to the fact that no sum was agreed upon between the parties as compensation for his services as a bar tender for the defendants. He fixes the value of his services for one year at $50, for another year at $75, and for the third and fourth years at $85 per month, and he fortifies this by the testimony of other witnesses. He distinctly testifies that he went to the city *275 of Pueblo for tbe purpose of settling with the defendants at the suggestion of one of them; that they went over the accounts between them, made some figures, and {hereupon the defendant, Emanuel Fist, gave him a check for $300, which he receipted for, supposing it to be a simple receipt for that sum. That he did not understand the English language and could not read or write. That upon his return to Montrose, through papers showing the condition of the accounts between them which he had received from Emanuel Fist, he learned that he had receipted in full; that he then and there repudiated the transaction, and on the day subsequent quit the service of the defendants.
The defendants in their testimony corroborate the plaintiff so far as he testifies that no sum had been agreed upon for the services to be rendered, but positively swear that at the time of the payment of the $300, the execution of the receipt, plaintiff understood thoroughly what he was doing, and that it was a complete and absolute settlement between them. That thereafter the plaintiff returned to Montrose from Pueblo for the purpose of entering into the employmen{ of the defendants as before, for an agreed sum.
This issue thus made by the pleadings and the testimony was submitted to the jury after instructions given by the court, resulting in the above verdict.
By the rule of the supreme court of this state as well as by this court, there can be no reversal of this judgment on the ground that the evidence does not support the verdict, as we think it does.
It is also urged that the court erred in its instructions. If it did, the error was one of which the defendants cannot complain. The question of a settlement and the giving of the receipt was fairly and squarely submitted for the consideration of the jury by the instructions given at the request of defendants. A review of the entire charge to our mind shows that if any error was committed, such error was favorable to the defendants. The instruction asked and refused *276 should not have been given. It practically takes the case from the jury. It was in these words:
“ The jury are instructed that if they find that the plaintiff signed and gave the receipt introduced in evidence under a mistake, believing that said receipt was only a receipt for $300, that as soon as he discovered his mistake it became his duty to rescind the same and to return the $300, received by him, and a failure to do so will prevent his recovering herein.”
There is nothing in this record which would warrant the court in giving such an instruction. If the plaintiff received the $300 as part payment on account, he had a right to retain it, and was under no obligation to return it. It was the character of the receipt of which he was complaining and impeaching. Why he should have repudiated the contract which he declares he never entered into, is beyond our comprehension.
The next and last contention of appellant is that he is entitled to a new trial because of newly discovered evidence, and in support of this he files an affidavit wherein he avers that he was not advised from the pleadings or from any other source, that the plaintiff would testify that he could not read and write the English language; that he had known him for many years and knew that he could both read and write the English language, and that he was surprised at the testimony, and could not at that time introduce any evidence save and except witnesses who testified upon this point; that since the trial of said cause he has ascertained that there are witnesses who could testify upon this point.
There is some mistake here. In the abstract furnished to this court it is distinctly set forth that plaintiff, by his replication to the answer, directly attacks the character of the receipt and alleges his lack of knowledge of the English language — that he could not read or write the English language. That he would not have signed the receipt if he had known that it was other than a receipt for the sum of $300, and that if it contained or mentioned anything else, it was fraud *277 ulently done and signed by plaintiff without knowledge of its actual contents.
With that replication as part of the pleadings, how can it be said that the defendants were uninformed concerning the contention of plaintiff regarding his knowledge of the English language. Besides, this is impeaching testimony and comes within the rule recited in Christ v. The People, 3 Colo. 394, wherein it is said: “ It is a well settled rule that newly discovered evidence going only to impeach the credit or character of a witness is not sufficient ground for a new trial.”
There is no error in this record which would warrant a reversal of the judgment.
The judgment must be affirmed.

Affirmed.