## URIAH TRIMBLE v. JOHN TANTLINGER, Appellant.

**Libel.** PLEA AND PROOF. Special damages need not be alleged nor proved in an action for slanderous words alleged to have been spoken which are actionable *per se.*

**Evidence:** PRACTICE. Evidence of a conversation between the parties to the action is properly stricken out where the witness fails to fix the time and shows by his evidence that the conversation related to another matter than that involved in the suit.

SAME. In an action for slander, evidence that the witness was present at a conversation between the plaintiff and defendant, but did not hear the actionable words alleged to have been spoken, is inadmissible as not amounting to a statement that the defendant did not speak the words charged.

SAME Testimony that one of the witnesses for the plaintiff in an action for slander stated that the plaintiff could thank him for information concerning the slanderous words is immaterial, since it does not tend necessarily to show bias or prejudice on the part of the witness.

**New Trial:** NEWLY DISCOVERED EVIDENCE: *Discretion.* It is not error to deny a new trial on the ground of newly discovered evidence showing that witnesses for the successful party made statements out of court at variance with their testimony, where such testimony is cumulative.

**SAME.** A motion for a new trial on the ground of newly discovered evidence, contained affidavits of two persons, one of whom was present at the trial, that a witness for the plaintiff, who had testified to hearing defendant speak the slanderous words sued on, had stated before the trial that he could do defendant no harm nor plaintiff's any good, and that he never heard defendant assail plaintiff's character or his business, and that the suit was brought for spite. The statements were all specifically denied by counter affidavit, and the witness' testimony at the trial was corroborated. *Held,* that the discretion of the trial court was not abused by the refusal of a new trial, and that the matter asserted amounted to no more than an impeachment.

**Appeal:** PRESUMPTIONS On a trial for slander, where the jury is charged to estimate the amount of "actual injury" plaintiff would naturally sustain, the supreme court cannot presume, from the amount of the verdict, that exemplary damages were allowed.

**HARMLESS ERROR.** Error in sustaining an objection to certain questions is harmless, where the answer thereto is subsequently given.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

WEDNESDAY, JANUARY 27, 1897.

ACTION to recover damages for the alleged speaking of certain false, malicious, and defamatory words, in March, 1894, in the presence of Thomas Jordan, James Evans, J. W. White, and others. Defendant answered, denying generally. The case was tried to a jury, and a verdict of one thousand three hundred dollars rendered in favor of the plaintiff. Defendant moved for a new trial, upon the ground, among others, that the damages were excessive. The court overruled said motion as to all said other grounds, and, finding that the verdict was excessive, reduced the same to eight hundred dollars, giving the plaintiff the right to elect to accept judgment

for eight hundred dollars or to submit to a new trial.
Plaintiff elected to accept judgment for eight hundred
dollars, and the motion for new trial was overruled as
to all the grounds thereof, and judgment entered
against the defendant for eight hundred dollars, from
which he appeals.—*Affirmed.*

*Ranck & Bradley* and *Joe A. Edwards* for appel-
lant.

*Ewing & Hart* for appellee.

GIVEN, J.—I. Appellant's first complaints are as
to certain rulings in taking the testimony. There is evi-
dence tending to show two conversations in which the
defendant spoke concerning the plaintiff,—one in Leon-
ard's store, and one in the street near the store. Plain-
tiff was asked, on cross-examination, how long he stayed
in the store, and whether he went in to inquire if the
township trustees had been there. These questions
were objected to and objection sustained, as not
proper cross-examination. Conceding that the
ruling was erroneous, yet there was no prejudice,
as the witness proceeded to state that he did not go
there to inquire about the township trustees. Appel-
lant complains that plaintiff's objection to two ques-
tions asked the witness, Horace Page, was sustained,
and that plaintiff's motion to strike out all of his
testimony was also sustained. Page testified to
a conversation between the parties to this suit in
Leonard's store, but failed to fix the time, and showed
by his evidence that the conversation was in relation to
another matter than that involved in this suit. The
testimony was properly stricken out, and, therefore,
there was no prejudice in sustaining plaintiff's objec-
tion to the question asked.

II.　Plaintiff does not allege any damages in his petition, but, after setting out the speaking of the words, concludes his petition as follows: "Wherefore, plaintiff asks judgment against defendant for two thousand dollars and costs." Appellant contends, that, no damages being alleged, the court erred in instructing the jury that, if they found for the plaintiff, they should allow him such damages as they believed he suffered by the use of such language. He also contends that, from the amount returned by the jury, they must have found exemplary damages, and that no such damages could be recovered under the pleadings. By the instructions, the jury were directed to inquire as to actual damages only. They were told to, "estimate as near as you can, the amount of actual injury that the plaintiff would naturally sustain by reason of the statement made by the defendant." We may not presume, under these instructions, from the amount returned, that the jury allowed exemplary damages. The slanderous words alleged to have been spoken being actionable *per se*, special damages need not be alleged nor proven. *Parker v. Lewis,* 2 G. Greene, 311; *Hicks v. Walker,* 2 G. Greene, 440. There was no error in the instructions in the respect complained of.

III.　Appellant's motion for a new trial was based upon the grounds already considered, and upon the further ground of newly-discovered evidence, as to which a number of affidavits were filed. We will not set out nor discuss these affidavits at length. It is sufficient to say that their general tenor is to show that witnesses for plaintiff, particularly one J. L. Evans, made statements out of court at variance with the testimony given on the trial. While the purpose of such testimony is impeaching, it may not be within the rule that refuses a new trial upon the ground

of newly discovered evidence as to the character or general reputation of a witness. We think, however, that this alleged newly-discovered evidence was so far cumulative that the court was warranted in refusing a new trial on that ground. We find no error in the record prejudicial to appellant, and the judgment of the district court is therefore AFFIRMED.

### SUPPLEMENTAL OPINION ON REHEARING.

### MONDAY, FEBRUARY 7, 1898.

*Ranck & Bradley, Remley, Ney & Remley*, and *Joe A. Edwards* for appellant.

*Ewing & Hart* and *S. H. Fairall* for appellee.

WATERMAN, J.—A re-hearing having been granted in this case, we have again considered the questions involved, and have to say that we are quite satisfied with what was said in the preceding opinion, upon all the issues presented, save as to the matter of newly-discovered evidence, and upon this branch of the case, in view of appellant's earnest and insistent claims, we desire to add something to what is there stated. In support of his application for a new trial on the ground of newly discovered evidence, the defendant presented certain affidavits. The first is an affidavit of George Miller, who avers that one James Evans, who was a witness for plaintiff on the trial below, and there testified to having heard the words complained of spoken, stated to affiant before said trial, "that he could not do Tantlinger any harm, nor Trimble any good, in the case, and that he never heard Tantlinger say anything against the character of Mr. Trimble." Thomas Jordan also makes affidavit that he was present during a conversation between plaintiff and

defendant, in the store of Leonard & Ritter, in the spring of 1894, and he adds: "I did not hear Tantlinger say that Trimble kept a house of ill fame, or a whore house, or a place where girls resort for prostitution, at this time or any other time." John White swears that he never heard defendant say that Trimble kept a house of ill fame, or that he kept a piano to entice girls there for bad purposes. W. S. Stout, in his affidavit, says that, after the verdict was rendered in the court below, he heard James Evans say to another person: "Trimble may thank me for this. I am the man that put him onto it." Henry C. Lane testifies that James Evans, in a conversation with affiant, said, in substance, that he never heard Tantlinger say that Trimble was keeping a house of ill fame, or whore house, or a place where girls or women resorted, and that he never heard defendant say anything about Trimble, or about the kind of house he was keeping; that Evans did say: "The suit was brought for spite, on account of liquor prosecutions, or for intimidation." In resistance to the application for a new trial, plaintiff filed, among others, the affidavits of James Evans, who denies specifically the statements attributed to him in the above-mentioned affidavits. The negative matter testified to by Jordan and White would be inadmissible, if offered in evidence. It will be noticed that they do not say that Tantlinger did not speak the words charged, but only that affiants did not hear him speak them. So, too, the statement of Evans, if made as averred by Stout, would be inadmissible because of immateriality. It does not even tend, necessarily, to show bias or prejudice on the part of Evans. There is left, then, only the testimony of Miller and Lane, relating to asserted statements made by Evans out of court, which are inconsistent with his

testimony on the trial. It is shown that Lane is a son-in-law of defendant; that he was present at the trial below and heard the witness Evans testify. We think it was proper for the trial court to consider this fact, and also the further fact that Evans denies flatly that he ever made any of the statements charged. A considerable discretion is vested in the lower court in passing upon an application for a new trial, on the ground of newly-discovered evidence, and we will not interfere with the exercise of that discretion, unless it appears to us to have been abused. *Searcy v. Martin Woods Co.*, 93 Iowa, 420; *Moore v. Railroad Co.*, 94 Iowa, 736. Viewed in the most favorable light for defendant, this evidence must be regarded as merely of an impeaching character. It tended only to show that the witness Evans had made statement, out of court, inconsistent with his testimony as given on the trial. But there were other witnesses who corroborated Evans, and we think it was for the court below to say whether a different result could be reasonably expected if a new trial was granted, and this evidence received. Too much, we think, is claimed by appellant's counsel for the case of *Murray v. Weber*, 92 Iowa, 757. A new trial was granted by the lower court in that case, and we affirmed its action; but it by no means follows that we should have interfered if the court had refused to set aside the verdict. Much that is said in that case as to the new evidence was unnecessary. The motion for a new trial contained other grounds, and there is nothing in the record to show what particular matter influenced the trial court in its ruling. We might well have rested our affirmance of its judgment upon the well-established rule that this court will be slow to interfere with the action of the trial court when a new trial is awarded. For the reasons stated we think the former opinion must be adhered to, and the judgment below AFFIRMED.