[No. 5649.]

## PERRY ET AL. V. THE PEOPLE.

1. **Practice in Criminal Cases—Evidence—Proof of Corporate Existence.**

In criminal cases it is not necessary to produce the articles of incorporation to prove the corporate existence of a concern from which goods are alleged to have been stolen, but the incorporation may be proved by reputation.—P. 26.

2. **Appellate Practice—Sufficiency of Evidence—Question Raised for First Time in the Appellate Court.**

Where, on a trial for larceny, the question of the insufficiency of the evidence to establish the corporate existence of the concern from which the goods were taken was not raised by a motion to discharge, one for a new trial, or one in arrest of judgment, such question cannot be considered by the appellate court.—P. 26.

3. **Practice in Criminal Cases—Evidence—Identification of Stolen Articles—Question for Jury.**

On a trial for larceny of certain articles missed from a store, the evidence showed that many articles of the same kind were found concealed on or near the ranch of defendants, and certain of the articles so found were positively identified as being the property of the owner of the store, while other articles could not be positively identified. Held, that it was proper to submit the question to the jury to determine from all the facts and circumstances, whether the property so found had been stolen. —P. 27.

4. **Same—Evidence—Admissibility.**

Where, on a trial for larceny, it was shown that certain articles answered the description of the articles stolen, it was proper to allow a witness to state that he found such articles in the trunk of defendant.—P. 28.

5. **Same—Evidence—Rebuttal.**

On a trial for larceny, the defendant testified that a gun found with the stolen property belonged to him; that he had owned it for four years; and that the man of whom he bought it had gone to Idaho. Held, that it was proper rebuttal to show that the gun had been stolen from another party a few weeks before defendant's arrest.—P. 29.

6. **Appellate Practice—Evidence—Admission—Prejudicial Error.**

On a trial for larceny of goods, a witness testified that by request he went to defendants' place, and before he came there he came in contact with probably a dozen other parties that

were on their way, and they proceeded up the canyon and began to search for goods, hides, heads, feet, etc., of animals that were supposed to be there and that should not have been there. Held, that such statement is so indefinite that the appellate court is unable to say that the witness was permitted to state over objection that the defendants were thought to have been guilty of cattle stealing, and therefore it was not prejudicial error to permit the statement to stand.—P. 29.

7.  **Practice in Criminal Cases—Instructions—Reasonable Doubt.**

An instruction that "If you believe as men, your oath imposes upon you no obligation to doubt where no doubt would exist if no oath had been administered," is not erroneous.—P. 30.

8.  **Same—Verdict—Sufficiency.**

Two separate informations were filed against each of several defendants, the one charging burglary and the other charging larceny, and the cases were consolidated for trial. The jury returned a verdict finding the defendants guilty as charged in the information, and found the value of the goods stolen. Held, that as the offenses are of the same grade, and as the verdict undoubtedly finds defendants guilty of larceny, it is unnecessary to determine whether it finds them guilty of burglary.—P. 31.

9.  **Same—Motion for New Trial—Newly Discovered Evidence.**

Several defendants were jointly tried for burglary and larceny, and the jury found them guilty of larceny. One of them, in support of a motion for a new trial for the others, filed an affidavit in which he confessed to the burglary and the larceny and the concealment of the goods, and alleged that all this was done without the knowledge, or advice, or assistance of the others. The others also filed affidavits alleging that they had no knowledge of the commission of the offense or of the concealment of the goods, and that they did not know until after the trial that the defendant making the confession was guilty. Held, that the motion for a new trial was properly denied, because it could not be said that the proposed evidence ought to produce a different verdict.—P. 31.

*Error to the District Court of Mesa County.*
*Hon. Theron Stevens, Judge.*

Warren Perry, George Perry, Ben Perry and Andrew Perry were convicted of larceny, and, from such conviction, the first three bring error.

*Affirmed.*

Messrs. CARNAHAN & VAN HOOREBEKE, for plaintiffs in error.

Mr. N. C. MILLER, attorney general, and Mr. W. R. RAMSAY, assistant attorney general, for the people.

Mr. JUSTICE STEELE delivered the opinion of the court:

Separate informations were filed against each of the defendants, one charging them with having feloniously and burglariously broken and entered the shop and storehouse of The W. F. White Mercantile Company, a corporation, etc., with intent to commit larceny, and another charging them with having, on the same day, feloniously stolen, taken and carried away various articles of personal property, "of the goods, chattels and personal property of The W. F. White Mercantile Company, a corporation under the laws of the state of Colorado." The cases were consolidated for trial, and the defendants were convicted and sentenced to a term in the penitentiary.

The verdict, upon which the conviction was had, is as follows:

"State of Colorado, County of Mesa, ss. In the District Court. The People of the State of Colorado vs. George Perry, Warren Perry, Ben Perry and Andrew Perry, defendants.

"We, the jury in the above entitled cause, do find the defendants guilty as charged in the information. We further find the value of the goods and property taken to be the sum of seventy dollars.

. "W. W. WILSON, Foreman."

After the trial and before the filing of the motion for a new trial, the defendant Andrew Perry made an affidavit, in which he said that he alone committed the burglary and larceny complained of.

The writ of error was issued on behalf of but three of the defendants.

The second assignment of error relates to the reception of testimony over defendants' objection. The witness W. F. White was asked if he was president and manager of The W. F. White Mercantile Company on the 21st day of November, 1904. The objection to this question was that, "It does not call for the best evidence, and for the reason that there is no evidence showing that there is such a firm or corporation as The W. F. White Mercantile Company.

The following was propounded to the witness Cropsey:

"Q. I will ask you if on November 21, 1904, your company was doing business in this county and state as The W. F. White Mercantile Company?" This was objected to because not the best evidence.

The objection to this testimony was properly overruled. In criminal cases it is not necessary to produce the articles of incorporation for the purpose of proving the corporate existence of a concern from which goods are alleged to have been stolen, but the incorporation may be proved by reputation. It is now claimed that there was no proof of the existence of The W. F. White Mercantile Company, a corporation, alleged in the information as the concern from which the goods were stolen, and that the defendants were entitled to a new trial because of such failure of proof. If the question had been presented to the trial court and an adverse ruling given, we should probably direct a new trial; but nowhere was the point made that it was not shown that The W. F. White Mercantile Company was a corporation. Advantage of this might have been taken by motion to discharge at the close of the people's case, by motion for a new trial, or by motion in arrest of judg-

ment; but as the question was not presented, we cannot consider it here.

Subdivision five of plaintiffs' second assignment is as follows:

"In admitting testimony of the witness Cropsey as to the existence of the corporation of The W. F. White Mercantile Company, it not being the best evidence." From this it would seem that counsel was of opinion that the existence of the corporation had been established by secondary evidence. We are of opinion that the testimony did not show the existence of a corporation, or of a concern doing business as a corporation, as required by the decision in *Miller v. People,* 13 Colo. 168; but as the objection to this testimony was properly overruled, we must hold that there is no merit in plaintiffs' contention.

Witnesses had testified to having made a search of the premises where the defendants resided, and to having found two overcoats in a creek near their house, a bundle of new socks and a box of cartridges were found in a trunk belonging to one of the defendants, and several rifles were found in a seamless sack buried in a pile of stone near the house. The rifles were positively identified as the property of The W. F. White Mercantile Company. One of the persons connected with the store testified with reference to the overcoats:

"This overcoat, marked People's Exhibit J, would be pretty hard to identify. It is one of the stock of overcoats—I mean to say that it is one of a stock from which we missed one that morning. The manufacturer's tag has been torn off. It does not look to me that it is an overcoat that has been worn. * * * This overcoat, marked Exhibit K,—we missed an overcoat of that same pattern from our store that morning. I could not say positively that

that is our coat, because the tags are torn off. I have examined it carefully for tags."

Another witness, when shown the overcoats, said, when asked if they belonged to the store: "I believe they came from there."

This, we think, was a sufficient identification to have submitted the question to the jury.

One of the witnesses said: "My attention was called to a place that day where the overcoats were found." The defendants' counsel objected: "For the reason that no overcoats are charged in the information." The district attorney then said: "I want to show what the defendants did. I am not going to identify the overcoats." The objection was then overruled. The objection was properly overruled. The information charged that two overcoats had been stolen by the defendants. Moreover, they were identified with sufficient certainty to have submitted the question of their ownership to the jury.

The testimony showed that certain articles were missed from the store of The White Mercantile Company. Many articles of the same kind were found concealed on or near the ranch of the defendants. Certain of the articles were positively identified as being the property of the mercantile company; other articles could not be positively identified. We think it was for the jury to determine, from all the facts and circumstances, whether the property found on the ranch of the defendants had been stolen.

The defendants objected to testimony regarding socks found in the trunk of one of the defendants, because the socks had not been identified. We think the objection was properly overruled. The socks were found in a defendant's trunk. They answered the general description of socks taken, and it was proper for the witness to state where they were found.

In one or two instances witnesses were permitted to testify in rebuttal concerning certain articles found at the time search was made of defendants' ranch. These articles were found with goods belonging to The White Mercantile Company, but were not identified as belonging to the company. The defendants undertook in defense to show how they obtained possession of the goods. The state introduced witnesses in rebuttal to contradict the defendants' witnesses. It is claimed that the testimony proved another larceny. We are of opinion that the testimony was competent and relevant even though it did prove another larceny. One of the defendants testified that one of the guns found on the ranch was owned by him; that he had owned it for four years; that the man of whom he bought it had gone to Idaho. In rebuttal, a witness was permitted to testify that his store was burglarized during the month of November, a few weeks before the defendants were arrested, and that the gun was taken from his store at that time. This testimony we regard as entirely proper in rebuttal.

One of the witnesses stated: "I went to the Perry place on the morning of the 29th by request, and before I came there I came in contact with probably a dozen other parties that were on their way, and we proceeded up Mesa creek canyon and began to search for goods, hides, heads, feet, etc., of animals that were supposed to be there and that should not have been there." Counsel for defendants objected to the latter part of this statement, and moved that it be stricken, and the objection and motion were overruled. The witness was told by the district attorney to state, "what you did, without referring to what anybody said"; and in response he made the above statement. Counsel did not state what his objection was, nor state, except in a general way, what

portion he desired stricken, and the ruling of the court might be sustained upon the ground that proper objection was not made, but we shall sustain the ruling of the court upon the ground that, in our opinion, it was not prejudicial error to permit the statement to stand.   The statement is so indefinite that we are unable to say that the witness was permitted to state, over objection, that the defendants were thought to have been guilty of cattle stealing.

Instructions number 3, 4 and 6 were objected to, and when given exceptions were duly saved.   The objection to instruction number 3 is that the court did not "limit the goods exhibited in evidence to the goods alleged and described in the information and alleged to have been taken and stolen, and therefore allows the jury to go outside of the issues involved in this case."   The objection is not well taken.   The court admitted in evidence only those goods positively identified and described in the information, and instructed the jury properly as to the "goods alleged to have been stolen and exhibited in evidence."   In instruction number 4 the following sentence is found: "If you believe as men, your oath imposes upon you no obligation to doubt where no doubt would exist if no oath had been administered."   The instruction is one on the subject of reasonable doubt, and the language is in substance that usually employed in such instructions, and has been upheld in many cases. —Instructions to Juries, by Blashfield, § 304.

The objection made to instruction 6 is covered by an instruction given at the request of the defendants.

It is urged that the verdict should not have been accepted, because it does not state the offense of which the defendants were found guilty.

"Where two counts of varying grades are properly contained in an indictment and are of the same

nature, and are connected with and growing out of the same transaction, though the punishment for each grade may be different, the legal intendment of a general verdict is to find the defendant guilty of the highest grade charged."—29 Am. & Eng. Enc. Law, p. 1024.

In this case the offenses are of the same grade, and under the decision of this court in Bergdahl v. The People, 27 Colo. 302, the verdict undoubtedly finds the defendants guilty of the crime of larceny. It is therefore unnecessary to determine whether it finds them guilty of burglary.

In support of their motion for a new trial, one of the defendants filed an affidavit, in which he confessed to the burglary of the store and the larceny of the goods alleged in the information to have been stolen, and that he secreted them, but he alleges also that he did so without the knowledge of his brothers, and that his brothers did not in any way advise, or counsel, or assist him. The other defendants filed affidavits alleging that they had no knowledge whatever of the commission of the offense, and that they did not know that stolen property had been secreted on or near the premises, and that they did not know, until after the trial, that the defendant Andrew Perry was guilty of the offense charged. Andrew Perry did not testify at the trial, although the other defendants did.

We do not think the court erred in overruling the motion for a new trial. The reason given by the judge was, among others, that the defendant Andrew Perry was not placed upon the stand, and that counsel probably knew that he had committed the offense. We shall assume that counsel did not know that the defendant had burglarized the store, but that he presented the motion for a new trial, and the affidavits in support thereof, in good faith. We do not think, however, that the defendants were entitled to a new trial;

for we cannot say that the proposed evidence, if offered and admitted, ought to produce a different verdict.—*Piela v. People,* 6 Colo. 343.

Upon a review of the whole record we are satisfied that the defendants have had a fair and impartial trial, and the judgment is affirmed.    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.