[No. 7340]

## SPECIE PAYMENT GOLD MINING COMPANY v. KIRK.

1. EVIDENCE—*Relevancy*—Lode Location. Action to support an adverse claim. It was contended for plaintiff that defendant's discovery shaft failed to disclose a well defined vein, or any vein at all, at the date of the record of the certificate of location. Evidence tending to show the extension upon the property, of a vein claimed to be the same disclosed in the discovery shaft, and evidence of assays from such vein, was held properly admitted.

2. NEW TRIAL—*Newly Discovered Evidence*—Must be of such character as will probably change the result if the motion is granted.

Ordinarily evidence to impeach a witness will not suffice.

Where the newly discovered evidence relates to statements alleged to have been made by a witness who testified for the successful party, contradictory to his testimony, and such statements are denied both by the witness himself and another who was present when the statements are alleged to have been made, there is no abuse of discretion in denying the motion.

3. PRACTICE IN SUPREME COURT—*Finding on Conflicting Evidence* will not be disturbed where there is sufficient in the record to sustain it.

*Error to Clear Creek District Court.*—Hon. CHAS. M. McCALL, Judge.

Mr. E. M. SABIN and Mr. R. H. BLACKMAN, for plaintiff in error.

Mr. F. L. COLLUM, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court.

This is an adverse suit to determine the question of possession and title to a lode mining claim. The defendant in error, defendant below, located the Eureka Lode Mining Claim in the Idaho mining district, Clear creek county, Colorado, in December, 1908, and completed his discovery shaft on the 17th day of the same month. On the 8th day of June, 1909, the plaintiff in error, plaintiff below, located the Specie Lode mining claim. These loca-

tions lie parallel but overlap and thus constitute a conflict.

Kirk made application for patent for the Eureka claim, and the plaintiff filed its adverse claim in support of the Specie lode location. The only contention of the plaintiff at the trial was in support of its allegation that "the discovery shaft of the Eureka lode did not at the date of the record of its certificate, disclose a well defined crevice vein or lode, and disclosed no mineral of any kind whatsoever therein at a depth of ten feet from the lowest part of the rim at the surface."

There was no other question as to the regularity or validity of the Eureka location. The jury returned a verdict in favor of the defendant and the Eureka location, and judgment was rendered accordingly.

The one assignment of error relied on is the refusal of the court to grant a new trial because of: (1) the admission of incompetent testimony; (2) newly discovered evidence; (3) that the evidence was insufficient upon which to base the verdict.

The evidence is somewhat conflicting, but we are not justified in disturbing the verdict for that reason. It was amply sufficient to justify the finding.

The complaint as to admission of incompetent testimony is based upon the action of the court in permitting the jury to visit and examine the Eureka discovery shaft, and in admitting testimony tending to show the extension of a vein on the property, claimed to be the same vein as is purported to have been discovered in the Eureka discovery shaft and also evidence as to assays therefrom.

The instructions of the court were quite complete and confined the testimony introduced to the sole question involved, viz., as to whether or not there was mineral

bearing rock found in place in the discovery shaft of the Eureka claim at the time of the recording of the location certificate.  We see no substantial error in this particular.

Louis Schaefer, a witness, testified for the defendant and to the effect that he was one of the persons who was employed to and did dig the discovery shaft on the Eureka claim, and that there was at that time uncovered therein a vein of mineral bearing ore.

Upon the hearing of the motion for a new trial there was presented an affidavit of one Philip Mixsell, stating in substance that the said Louis Schaefer told the said Mixsell on the 9th day of May, at Idaho Springs, that there never was a vein of mineral bearing rock in place in the discovery shaft of the Eureka claim, but that he had worked so long for Kirk, he was going to testify there was such vein.

This was the newly discovered evidence relied on by plaintiff.  But Philip Mixsell, Jr., son of Philip Mixsell, who made the affidavit, gave his counter affidavit, saying in substance that he was with his father and Schaefer during all the time they were together on the day mentioned, and that no such conversation occurred.

Schaefer also testified flatly denying any such conversation with Philip Mixsell.  Under this state of facts the court in its discretion, was fully justified in denying the motion for a new trial upon the ground of newly discovered evidence.

The rule is that newly discovered evidence must be of such a character that it will probably change the result if a new trial is granted.—14 Enc. P. & P. 791; 29 Cyc. 901; *Perry v. People,* 38 Colo. 23, 87 Pac. 796.

Ordinarily a new trial will not be granted for newly

discovered evidence to impeach a witness.—29 Cyc. 918; *Fist v. Fist*, 3 Colo. App. 276, 32 Pac. 719; *Trimble v. Toutlinger*, 104 Ia. 665, 69 N. W. 1045, 74 N. W. 25; *Chalmers v. Sheehy*, 132 Cal. 459, 64 Pac. 709, 84 Am. St. 62; *Garfield M. & M. Co. v. Hammer*, 6 Mont. 53, 8 Pac. 153.

The judgment is affirmed.

MUSSER, C. J., and GARRIGUES, J., concurring.

Decided December 1, A. D. 1913. Rehearing denied March 2, A. D. 1914.