### No. 9302.

### LANHAM *v.* COPELAND.

1. APPEAL AND ERROR—*Finding on Conflicting Evidence,* will not be disturbed where there is sufficient in the record to support it.

2. NEW TRIAL—*Newly Discovered Evidence,* not of a character to probably change the result is not sufficient.

*Error to Larimer District Court, Hon. Neil F. Graham, Judge.*

Mr. L. R. RHODES, Mr. JOHN H. SIMPSON, for plaintiff in error.

Mr. H. DONZELMAN, Mr. FANCHER SARCHET, for defendant in error.

Opinion by Mr. Justice Allen.

THE plaintiff below, Wilda M. Copeland, brought this suit against the defendant, J. I. Lanham, to quiet title to a certain tract of eighty acres of land situated in Larimer County. The defendant claimed title under a sheriff's deed which was executed as the property of one W. M. Copeland, the husband of the plaintiff. The execution was dated December 7, 1914. Prior to that time, and on January 20, 1914, the land was deeded by W. M. Copeland to the plaintiff, Wilda M. Copeland. The defendant alleged and sought to prove that the deed was a fraudulent conveyance, while the plaintiff, denying fraud, claimed that the instrument in question was a correction deed, and that the land was her own property during the time the record title stood in the name of W. M. Copeland. The cause was tried to the court, which found and decreed in favor of the plaintiff. The defendant brings the case here for review.

The defendant contends, in effect, that the judgment is manifestly against the weight of the evidence. The testimony was conflicting, but we find, on reading the record, sufficient evidence to support the trial court's finding. The contention, therefore, can not be upheld, nor can the judgment be reversed on the ground of insufficient evidence. *Fuller v. Stapp,* 168 Pac. 653; *Davis v. Pursel,* 55 Colo. 287, 291, 134 Pac. 107.

It is next claimed that the court erred in denying a motion for new trial. The motion set forth certain alleged newly discovered evidence. We can not say that this evi-

dence was of such a character that it would probably have changed the result if a new trial had been granted. The denial of the motion, therefore, can not be regarded as a reversible error. *Specie Payment Co. v. Kirk*, 56 Colo. 275, 139 Pac. 21.

The judgment is affirmed.

Affirmed.

Chief Justice Garrigues and Mr. Justice Bailey concur.