## No. 11,104.

## WALSMITH *v.* HUDSON.

Decided May 4, 1925.   Rehearing denied June 1, 1925.

Action for personal injuries sustained in an automobile accident.   Judgment for plaintiff.

*Affirmed.*

1.   APPEAL AND ERROR—*Sufficiency of Evidence.*   In an action for damages sustained in an automobile accident, the contention that the evidence was insufficient to support a judgment for plaintiff, overruled.

2.   PLEADING—*Demurrer—Waiver.*   Error, if any, in overruling a demurrer to complaint on the grounds that it is ambiguous, unintelligible and uncertain, is waived where defendant answers and goes to trial.

3.   TRIAL—*Nonsuit.*   A motion for nonsuit is properly denied where the evidence is in conflict and presents questions of fact for the jury.

4.   NEW TRIAL—*Newly Discovered Evidence.*   To support a motion for a new trial on the ground of newly discovered evidence the evidence must be of such a character that it will probably change the result if a new trial is granted.

5.   *Court Discretion.*   The disposal of a motion for a new trial is within the sound discretion of the trial court.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. W. D. WRIGHT, Mr. W. D. WRIGHT, JR., for plaintiff in error.

Mr. PAUL J. MCGOVERN, Mr. WILLIAM W. GARWOOD, Mr. OMAR E. GARWOOD, for defendant in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE defendant in error brought suit against plaintiff in error, for damages for personal injuries resulting from the negligence of the plaintiff in error in driving an automobile on the streets of the city of Denver.

It appears in evidence that the plaintiff, Hudson, was walking on Welton street, returning from his work, stepped off the curbstone at the intersection of Twelfth street, in the act of crossing that street, and when only three feet from the curb saw an approaching automobile on Twelfth street, out about ten feet from the curb, on the same side of the street, driving at a fast rate of speed, probably thirty-five miles an hour. Plaintiff stopped on his course to let it pass, and the car, continuing in a straight course up the street to within ten feet of the point where the plaintiff stood, without signal or warning and without slackening its speed, the driver suddenly and unexpectedly changed the course of his car in the direction of plaintiff, without giving him time to move out of the way, and passed so near that the front part of the automobile barely missed striking him, and in this situation plaintiff threw out both hands to push him away from the car and to escape contact with the rear wheel, and in so doing his left hand broke in the glass door of the sedan automobile, cutting the flesh and severing the arteries and nerves of the wrist of his left arm to the bone, permanently destroying the nerves of that hand. The plaintiff had a verdict and judgment, and the case is here for review.

The first assignment of error is that the evidence is insufficient to support the judgment. This assignment is not well taken. The evidence of the plaintiff, considered alone, was amply sufficient to sustain the judgment.

Another assignment of error is the overruling of the demurrer to the complaint. The demurrer was special, and alleged that the complaint was ambiguous, unintelli-

gible and uncertain. The defendant answered over and went to trial. By answering over the demurrer was waived, and the ruling thereon cannot be reviewed here. *Stanbury v. Kerr*, 6 Colo. 28; *Sams Automatic etc., Co. v. League,* 25 Colo. 129, 54 Pac. 642; *Webb v. Smith,* 6 Colo. 365; *Hardy v. Swigart,* 25 Colo. 136, 53 Pac. 380; *Merrill v. Barr,* 73 Colo. 87, 213 Pac. 576; *Terrace etc., Dist. v. Overflow Ditch,* 69 Colo. 363, 195 Pac. 325.

Error is assigned in denying the motion for a nonsuit. The court committed no error in denying the motion. The evidence was in conflict and presented questions of fact for the determination of the jury.

The objection made at the trial to Instruction No. 4, before the charge was delivered to the jury, by counsel for plaintiff in error, was: "I object to Instruction No. 4 to be given, as including in it the last clear chance instruction, and to the inclusion in it of an instruction pertaining to an unavoidable accident, as being complicated and hard for the jury to understand." From our examination of the instruction, we think the objection is without merit.

A principal error relied upon is the refusal of the court to grant a new trial, upon the claim of newly discovered evidence. The affidavit in support of the motion for a new trial stated, in substance, that the proposed witness, Wanamaker, living in Oakland, California, told an attorney in San Francisco, who telegraphed defendant, that the proposed witness said to him that the plaintiff stated to her, while he, the plaintiff, was in the hospital, that without looking he stepped off the sidewalk into the passing machine, and that the witness had expressed a willingness to so testify. This was the newly discovered evidence relied upon by the defendant. The rule is that newly discovered evidence must be of such a character that it will probably change the result if a new trial is granted. *Specie Payment Co. v. Kirk,* 56 Colo. 275, 139 Pac. 21; *Perry v. People,* 38 Colo. 23, 87 Pac. 796; *Lanham v. Copeland,* 66 Colo. 27, 178 Pac. 562. As a general rule, a new

trial will not be granted on newly discovered evidence to impeach a witness. *Specie Payment Co. v. Kirk, supra.* In any event, the disposal of such a motion is in the discretion of the trial court, and that discretion does not seem to have been abused.

Finding no reversible error, the judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE DENISON concur.