Nos. 11,643, 11,644.

WARSHAUER SHEEP AND WOOL COMPANY v. RIO GRANDE STATE BANK.

Decided April 18, 1927.    Rehearing denied May 31, 1927.

Actions in conversion and replevin.    Judgments of dismissal.

## Reversed.

1.  APPEAL AND ERROR—*Granting of New Trial.*  Where, after the granting of a new trial the successful plaintiff elected to stand on his case .as made and the action was dismissed, he is entitled to a review by the Supreme Court, whether or not the dismissal was on his application.

2.  PRACTICE AND PROCEDURE—*New Trial—Dismissal.*  Where plaintiff prevails and a new trial is granted, if he elects to stand on his case as made and asks a review by the Supreme Court, it is the duty of the trial court to enter an order of dismissal without application therefor.

3.  ` ACTIONS—*Evidence.*  Separate actions for conversion and replevin of sheep, held not to be based on a contract introduced in evidence, but on right of possession.

4.  NEW TRIAL—*Newly Discovered Evidence.*  To justify the granting of a new trial on the ground of newly discovered evidence, it must appear, among other things, that such evidence makes it probable that a different verdict would result on a new trial.

5.   *Newly Discovered Evidence.*  A new trial will not be granted on
the ground of newly discovered evidence when such evidence would
only corroborate testimony already given or tend to contradict or
impeach a witness.

6.   *Newly Discovered Evidence—Appeal and Error.*  It is error to
grant a new trial on the ground of newly discovered evidence, when
such evidence would be immaterial.

*Error to the District Court of Alamosa County, Hon.
Jesse C. Wylie, Judge.*

Mr. JACK GARRETT SCOTT, Mr. CASS E. HERRINGTON, for
plaintiff in error.

Mr. W. SCOTT CARROLL, Mr. JESSE STEPHENSON, Messrs.
CHINN & STRICKLER, for defendant in error.

*Department One.*

MR. JUSTICE SHEAFOR delivered the opinion of the
court.

THE plaintiff in error brought suit in the district court
on November 12, 1924, against defendant in error to re-
cover damages in the sum of $4,536.82, for the alleged
conversion of certain lambs and wool.  This case is num-
bered here as 11,644.  About one week later, plaintiff in
error brought another suit against defendant in error
in replevin to recover possession of 932 head of ewes
and lambs and two goats or their value in the sum of
$9,320.  This case is numbered here as 11,643.

The action in conversion was heard on October 7, 1925,
and the replevin action on the day following.  Verdicts
for plaintiff in both cases, and motion for new trial was
presented in each case by defendant.  Motion granted,
and verdict set aside.  The plaintiff elected to stand by
the cases as made, and they were thereupon dismissed.
Plaintiff brings error.

The record proper contains an order, as does also the bill of exceptions, wherein it is recited that plaintiff applied for the order of dismissal, and that thereupon the case was dismissed.

The evidence in the two cases is almost identical, and as the legal principles applicable to the facts are the same, we will consider them together, and this opinion will dispose of both.

I.   Defendant claims that the writs of error in these cases should be dismissed, because final judgment in each case was entered at the instance of plaintiff, and having procured the judgments, plaintiff cannot prosecute error.

During October, 1926, defendant filed in this court its motions to dismiss the cases on the ground above mentioned.   These motions were supported and opposed by typewritten briefs filed by the parties.   After due consideration the motions to dismiss were denied.   No permission was given to renew the motions on final hearing, but as the grounds of the motions are again presented, we shall here state our reasons for their denial.

The election filed by plaintiff reads, in part, as follows: "The plaintiff, being unable to prove any better case than has already been made, hereby elects to stand upon its case as made so that the necessity of another hearing may be avoided, and that the case as it now stands may be reviewed by the Supreme Court, plaintiff being convinced that the trial court has committed grievous errors herein in setting aside the verdict and granting a new trial of this cause."

No application for dismissal appears therein.   This is followed by an order of the court reading: "Plaintiff having elected to have this cause reviewed in our Supreme Court and not to submit to a retrial here, and desires an order of dismissal permitting a review hereof. It is therefore ordered that this cause be dismissed as of date of March 2, 1926."

A similar order appears in the bill of exceptions, reciting, inter alia, that plaintiff applied for an order of dismissal.

The record does not disclose that plaintiff applied for an order of dismissal. When the plaintiff made its election, as stated, it was the duty of the court, in the circumstances, to enter an order of dismissal without application therefor, as it was the evident desire and obvious purpose of plaintiff to avoid another trial, and to have reviewed in this court the order of the trial court granting defendant's motions for new trial.

If the court failed or neglected to enter an order of dismissal when plaintiff's election was considered, and if by reason thereof plaintiff made an application, not disclosed by the record, for such order, still, we think that such application would not deprive plaintiff of its right of review here.

In *Ward v. Teller Reservoir and Irrigation Co.*, 60 Colo. 47, 153 Pac. 219, a verdict was returned for the plaintiff, and on motion of defendant a new trial was granted. Thereupon plaintiff announced that he had made as strong a case as possible under the existing facts; that he elected to stand upon the case as made, and would pray a review by the Supreme Court. Mr. Justice Scott, delivering the opinion of the court, said: "We think that the right to review under the circumstances of the case is fully supported by Wadsworth v. U. P. Ry. Co., 18 Colo. 600 * * *. The plaintiff here declared that he could make no better case, and that he elected to stand by his case as already made. Under this statement, and with the views of the court as announced, a new trial would have been a useless and expensive proceeding, for it could produce only the same result * * *."

II. The motion for new trial in each case set forth as grounds therefor, among others not necessary to mention, that the verdict was contrary to the law and contrary to the evidence, and also newly discovered evidence.

The defendant says that "The plaintiff will not be allowed to sue upon Exhibit A and recover upon the other contract which pertains to 1000 sheep." And

again, "It (the plaintiff) is basing both actions upon the 1500 contract * * *." The 1500 contract is Exhibit A. We think this statement is inaccurate. These actions do not appear to be based upon any contract. It is true, as claimed by counsel, that Exhibit A, a partido contract, was received in evidence in both cases to support the causes of action alleged, but the questions are, regardless of any particular contract, whether the sheep, or any of them, sued for in these actions, belong to the plaintiff, and whether at the time the actions were instituted plaintiff was entitled to their possession. If so, it is wholly immaterial whether Galligos received them from plaintiff under contract Exhibit A, or under both contracts.

If the evidence was conflicting upon the issues involved, then the cases were properly submitted to the jury.

That the evidence was conflicting there seems to be no doubt, but there was ample to support the verdicts returned.

It is urged, however, that the court properly granted new trials upon the ground of newly discovered evidence.

To justify the granting of a new trial on the ground of newly discovered evidence, it must appear, among other things, that such evidence makes it probable that a different verdict would result on a new trial. *Walsmith v. Hudson,* 77 Colo. 326, 328, 236 Pac. 783; *Eachus v. People,* 77 Colo. 445, 450, 236 Pac. 1009, and cases there cited.

A new trial will not be granted on that ground when the newly discovered evidence would only corroborate the testimony already given, or where it tends to contradict or impeach a witness. *Edwards v. People,* 73 Colo. 377, 394, 215 Pac. 855; *Walsmith v. Hudson, supra; Eachus v. People supra.*

The newly discovered evidence relied upon here is that the blank used for the contract, Exhibit A, was not printed or in use until the spring of 1920, whereas the contract bears date October 22, 1919.

In our view of the case, it is immaterial when the contract was signed, or whether it was signed at all, or when the blank was printed, for the fact remains that Galligos does not deny having received from the plaintiff the 1,515 sheep, and the 1,000 sheep under a prior contract. He claims he got the 1,515 sheep in the year 1914. Certainly, he received them during or prior to the year 1919. It therefore does not appear that a different result would obtain in another trial on account of this newly discovered evidence, but it appears quite plainly that the result would probably be the same. This newly discovered evidence could only have the effect to contradict or impeach the testimony of the Warshauers. The motions for new trials should have been denied.

The judgment is reversed and remanded with instructions to the trial court to overrule the motion for new trial in each case, and to enter judgment in favor of the plaintiff on the verdict in each case.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE DENISON concur.