## No. 11,498.

SOUTHERN COLÓRADO POWER CO. *v.* PESTANA, ET AL.

Decided December 27, 1926.

Action for damages.   Judgment for plaintiffs.

## *Affirmed.*

1. APPEAL AND ERROR—*Sufficiency of Evidence.* In an action for damages for death of plaintiffs' son, evidence reviewed and held sufficient to sustain a finding of the jury that defendant was negligent in maintaining high tension electric wires near the roof of the building where deceased was working at the time of the accident.

2. NEGLIGENCE—*Jury Question.* Whether the maintenance of high tension wires near the roof of a building was negligence, and whether a cut-out switch for such wires absolved defendant from negligence, held to be questions for the jury.

3. ELECTRICITY—*High Tension Wires.* The utmost care is required in the maintenance of high tension electric wires.

4. NEGLIGENCE—*Contributory.* In an action for damages for death of plaintiffs' son, evidence reviewed, and the contention that deceased, as a matter of law, was guilty of contributory negligence in painting a roof in close proximity to high tension electric wires, overruled.

5. TRIALS—*Conduct—Evidence.* A party has a right to try a case upon his own theory, and courts should not reject evidence tending to support it, unless it clearly has no tendency to prove or disprove any relevant fact.

6. VERDICT—*Excessive.* Evidence reviewed, and $5,000 damages for death of plaintiffs' son, held not excessive under the facts.

7. DAMAGES—*Proof—Jury Estimate.* Although it may not be possible to prove the amount of damages with any approximation to certainty, this is no reason for denying relief altogether, it being the duty of the jury to estimate them as best they can by reasonable probabilities.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Messrs. GILLETTE & CLARK, for plaintiff in error.

Messrs. DINES, DINES & HOLME, Mr. RICHARD K. GANDY, Mr. ROBERT E. MOORE, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

JOHN R. Pestana and Flora J. Pestana, his wife, had a verdict and judgment for $5,000 against the plaintiff in error for negligently causing the death of their son, John Pestana, Jr., and the company brings error. We shall discuss the four points made by the plaintiff in error: (1) The evidence does not show negligence on the part of the defendant. (2) The evidence shows contributory negligence as a matter of law. (3) The burned shoes of the victim were erroneously admitted in evidence. (4) The damages, $5,000, are excessive.

We take up these points in the above order:

1. We cannot say the evidence was not sufficient to support the finding of the jury that the defendant was negligent. The defendant develops electricity and transmits and sells it to the public. Its wires reach the Cresson mine, and other mines. John Pestana, eighteen or nineteen years old, was ordered to paint the roof of a corrugated iron shack at the Cresson mine in the Cripple

Creek mining district, which contained transformers and other devices of defendant. He was an employee of the mining company, not of defendant, and was ordered by the foreman of his employer to do said work. The roof of the shack was in one plane, all sloping one way. Six wires passed over this roof, three across the lower part and three across the upper. The three upper wires were approximately parallel with the upper edge of the roof. The nearest the top of the roof was three feet and eight inches, or thereabouts, therefrom. The one next to it and three feet from it was about four feet and three inches from the roof and the third about four feet ten inches therefrom. These upper wires carried 22,000 volts each. While painting the upper portion of the roof plaintiffs' son was killed; the back of his neck came in contact with the wire nearest the roof, his outcries called help, and his father, who worked for the same mine, ran to a disconnecting switch and cut off the current, whereupon the boy's body, which had been held to the wire by the current, fell to the roof and he shortly afterwards died. When picked up his clothing and shoes were on fire, a broom between his feet and the fresh paint on the roof were burning. Where these wires passed over the roof they were insulated but from the evidence it may be found that the insulation was not intended for the protection of persons who might touch the wire, but as protection for the wire itself. At all events, the insulation was considerably worn and was not enough to protect one who might touch it, as the result showed. It is obvious that the question whether it was negligent to place such wires in such position was for the jury.

Counsel for the plaintiff claim that the switch which turned off the current and let the boy's body fall was a safety device which any one who found it necessary to go on the roof might have used to disconnect and so protect himself, and that the provision of this device was, as a matter of law, the use of due and reasonable care and that the company was therefore not negligent; we

cannot, however, agree with counsel's proposition, but think that the question of the existence of negligence was still for the jury. This switch disconnected the wires in question, it is true, but it also disconnected all the power which worked the Cresson mine; and not that only, but the power which worked several other mines. We cannot say, as a matter of law, that the installation of a switch of that sort was enough to relieve the defendant from the charge of negligence. The evidence shows that at trifling expense the wires where they passed over this roof could have been insulated so as to make them perfectly safe. In the maintenance of these high tension wires we have repeatedly held that the utmost care is required.

2. Was the deceased guilty of contributory negligence as a matter of law? We cannot say so. The foreman testified, it is true, that he warned the boy to keep away from the wires, and that he directed him to paint only the lower part of the roof. The whole evidence, however, taken together, throws some doubt upon this testimony, and there is circumstantial evidence tending to show that the boy was doing what he at least thought and had some reason to think he had been directed to do in painting the upper part of the roof. It was the duty of the jury to consider this testimony and we cannot interfere with their finding. The same may be said of the claim that the boy should have pulled the switch before he went to work; the jury may well have found that that would have been unwarranted presumption on his part, to cut off the power of several large mines while he painted the roof of an old shack, and that he was not negligent in failing to do it.

It is claimed, of course, that he was negligent in painting the upper part of the roof at all, with wires so near, but these wires were apparently insulated and it is not shown that he knew or appreciated the insufficiency of the insulation. We cannot say that there was contribu-

tory negligence; although if the jury had found that there was, we perhaps could not say there was not.

3. It is claimed that the shoes were erroneously admitted in evidence, because the only purpose and the only possible effect was to affect the feelings and not the judgment of the jury. We do not agree with this; the plaintiff claimed and claims that the marks of the paint and striations on the shoes show that the deceased slipped, and tends, therefore, to show how the accident came about. If we do not agree with his deductions from this, nevertheless counsel had a right to try the case on his own theory, and it was for the jury to say whether the evidence which he offered to prove that theory was sufficient or not. The court ought not to reject such evidence unless it clearly has no tendency to prove or disprove any relevant fact.

4. Are the damages excessive? We think not. The son was a steady, hard-working, healthy, active, intelligent college boy, working to earn money to finish his college course. His parents were between fifty and sixty years old. Without including any solatium, the jury might well have found that the probable pecuniary loss to these parents was five thousand dollars. The son was bound by law to support them in their old age, and his physique, character and conduct, as shown by the evidence, proves his ability and willingness to do so. It is never possible in such cases to prove the damages with any approximation to certainty. The jury must estimate them as best they can by reasonable probabilities, but that is no reason for denying them altogether. *Goldstein v. Rocky Mt. Env. Co.*, 78 Colo. 341, 241 Pac. 1110. The boy might have turned out an invalid and not supported his parents at all, or a millionaire and supported them in luxury; the probability is between the two.

The judgment is affirmed.

MR. JUSTICE BURKE sitting for MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.