No. 12,107.

HURT *v.* NELSON.

Decided April 15, 1929.

Mr. ALBERT L. MOSES, for plaintiff in error.

Mr. JAMES P. VEERKAMP, Mr. HERBERT W. MARTIN, for defendant in error.

*Department Two.*

MR. JUSTICE MOORE delivered the opinion of the court.

PARTIES here appear as in the lower court.

Plaintiff sued defendant on a certain promissory note made by the defendant and payable to the plaintiff's order. A verdict was rendered for the plaintiff in the sum of $2,270.82, which was the amount agreed upon by defendant's counsel as being due, if the note were valid.

472

The trial court, sua sponte, set aside the verdict and ordered a new trial, giving as a reason therefor that the following instruction was an erroneous statement of the issues: ''The only question for the jury to determine is whether the defendant made and executed the promissory note in evidence before you. If you find from a preponderance that the defendant made and delivered the note in question to the plaintiff then your verdict will be for the plaintiff according to the tenor of the note for the principal and interest as it provides.

''If you do not find for the plaintiff then your verdict will be for the defendant.''

The plaintiff elected to stand upon the case as presented and the suit was thereupon dismissed.

Plaintiff contends that it was error for the trial court to set aside the verdict and order a new trial.

The complaint alleged that the defendant executed and delivered to the plaintiff the note in question; that said note has matured and no part of the principal, interest or attorney's fees provided therein has been paid. The answer of the defendant contains two paragraphs. The first admitted that the plaintiff was the owner of the paper called a promissory note, and denied all other allegations. The second, ambiguous in character, might be stretched into a plea of failure of consideration. This second paragraph was stricken on motion of plaintiff and no amended answer was filed.

Upon the trial, the plaintiff testified that the note was executed and delivered by defendant for a valuable consideration and had not been paid. The defendant stated that he had not signed the note and the same was a forgery. No attempt was made to prove that the note was given without consideration or that it had been paid. The jury found that the note had been made by defendant.

Under these circumstances, the sole question for the determination of the jury was whether defendant made and executed the promissory note in question and the

instruction given was accordingly correct. Assuming, but not deciding, because unnecessary, that the trial court had a right, sua sponte and upon proper grounds, to set aside the verdict in this case, it was error to set it aside on the ground that the instruction given was an incorrect statement of the issues.

The judgment is reversed with directions to vacate the order of dismissal, the order setting aside the verdict, and to enter judgment on the verdict in favor of the plaintiff for the sum of $2,270.82.

Mr. Chief Justice Whitford, Mr. Justice Butler and Mr. Justice Burke concur.