## No. 16,332.

LEHRER *v*. LORENZEN ET AL.

(233 P. [2d] 382)

Decided June 18, 1951.

Messrs. WOOD & RIS, for plaintiff in error.

Messrs. CALVERT & THRASHER, for defendants in error.

*En Banc.*

Mr. Justice Alter delivered the opinion of the court.

William Rex Lorenzen and Dora M. Lorenzen, father and mother, respectively, of Raymond J. Lorenzen, a minor, brought an action against Harvey L. Lehrer to recover damages resulting to them by reason of the death of their son allegedly occasioned by the negligent acts of the defendant. On trial to a jury, its verdict was returned in favor of plaintiffs in the sum of $1,500.00, and judgment was entered thereon.

Upon plaintiffs' motion for a new trial, the court granted it, specifically limiting the same to one ground, i. e., "The verdict of the jury was inadequate to compensate the plaintiffs for their damages."

Defendant elected to stand on the verdict of the jury and the judgment entered thereon, and did not appear in the new trial granted by the court.

Upon the new trial, the cause was tried without the intervention of a jury, at the conclusion of which the court entered a judgment in favor of plaintiffs and against defendant for the sum of $2,893.89, that judgment including, as specified by the court, $2,500.00 for damages resulting to plaintiffs by reason of the death of their son, and for $393.89, the expenses connected with the child's death. To review the judgment for $2,893.89 entered by the court, defendant brings the cause here by writ of error.

There are two specifications of points: 1. The granting of a new trial, under the existing circumstances, was not a matter within the discretion of the court; 2. the trial court abused its discretion in granting a new trial solely upon the ground that the damages awarded by the jury were inadequate.

There are two judgments in the record, one on March 2, 1949, in the sum of $1,500.00, based on the jury's verdict, and the other entered May 7, 1949, after the trial before the court without the intervention of a jury, in the sum of $2,893.89.

Instruction No. 11, given by the court, without objection, reads:

"You are instructed that if, from a preponderance of the evidence, and from the instructions given you in this case, your findings should be in favor of the plaintiffs, the damages awarded to them, if any, must be limited to such sum of money as you may deem fair and just compensation to them for the net pecuniary loss, if any, which you may believe from a preponderance of the evidence they have necessarily sustained by the reason of the death of their son, Raymond J. Lorenzen, and also having regard to the mitigating or aggravating circumstances attending the alleged wrongful act, neglect or default on the part of the defendant in this case, your verdict in no event, however, to exceed the sum of Five Thousand Dollars ($5,000.00), which sum is the maximum amount allowed by statute and the amount prayed for in the plaintiffs' complaint.

"The net pecuniary loss, if any, sustained by the plaintiffs by reason of the loss of their son is equivalent to the pecuniary benefit, if any, which the plaintiffs might reasonably have expected to receive from the continuation of his life less the cost of properly and suitably maintaining and educating him.

"In assessing the plaintiffs' damages, if any, you should consider the age, health and condition of life of their deceased son, his habits of industry, his ability to earn money, his disposition to aid and assist the plaintiffs, and the probable duration of the life of the plaintiffs and of their deceased son, if he had not died as a result of the accident.

"The Court instructs you that it is difficult to adduce direct evidence of the exact pecuniary loss occasioned the plaintiffs by the death of their son, and you are permitted to determine the question of damages from your own observations, experience and knowledge conscientiously applied to the facts and circumstances of this case.

"In this connection, however, you are charged that you should not allow anything to the plaintiffs by way of exemplary damages or punishment of the defendant, nor should you allow anything to the plaintiffs by way of compensation for pain and suffering, if any, of their deceased son, nor on account of or as a solace for their own sorrow, grief, mental distress or injured feelings, nor anything on account of the loss to the plaintiffs of his society and companionship."

■ By this instruction the court limited plaintiffs' damages to their net pecuniary loss resulting from the death of their son, and under the applicable statute, section 3, chapter 50, '35 C.S.A., this is a correct construction. *Pierce v. Connors,* 20 Colo. 178, 37 Pac. 721; *Tadlock v. Lloyd,* 65 Colo. 40, 173 Pac. 200; *Southern Colorado Power Co. v. Pestana,* 80 Colo. 375, 251 Pac. 224; *City of Longmont v. Swearingen,* 81 Colo. 246, 254 Pac. 1000; 149 A.L.R. 234, et seq.

A careful examination of the record discloses that there was no evidence whatever, either in the trial to the jury or before the court, as to any pecuniary loss, nor is there any evidence as to the cost of properly and suitably maintaining and educating the minor had he lived. The only evidence with reference thereto before the court or jury is that the minor was five years and nine months of age and a healthy, normal child. It is definitely determined by decisions of our court that no recovery is allowable as a solace for the grief and sorrow occasioned to parents for the loss of a child.

■ Considering Rule 59, R.C.P. Colo., we hold it to be an abuse of discretion on the part of the court to set aside the verdict of the jury and grant a new trial solely on the ground of inadequacy of the verdict unless, under the evidence, it can be definitely said that the verdict is grossly and manifestly inadequate, or unless the amount thereof is so small as to clearly and definitely indicate that the jury neglected to take into consideration evidence of pecuniary loss or were influenced either by

prejudice, passion or other improper considerations. There is nothing in the record here appearing to indicate that the jury was improperly influenced in any manner whatever in arriving at its verdict. It was composed of men and women who were as capable of determining plaintiffs' pecuniary loss as was the trial judge. The amount of such loss was a question of fact peculiarly within the province of the jury, and if the trial judge was permitted to set aside the verdict simply because he would have fixed a different amount, then in cases of this nature, juries would be entirely unnecessary.

The trial court abused its discretion in granting the motion for new trial based solely on the inadequacy of damages. The judgment entered May 7, 1949, is reversed and the cause remanded with instructions to reinstate the judgment of March 2, 1949, entered on the verdict of the jury.