No. 16,902,

Scott *v.* Matsuda, et al.
(255 P. [2d] 403)

Decided March 23, 1953.

Mr. Alden T. Hill, Mr. Ralph H. Coyte, Mr. Lloyd E. Williams, Mr. O. Rex Wells, for plaintiff in error.

Mr. George F. Harsh, Mr. Charles M. Buescher, Jr., for defendants in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Plaintiff in error, as plaintiff in the trial court, upon a complaint seeking damages sustained as a result of defendants' negligence in an automobile accident, obtained a favorable jury verdict. Defendants filed a motion for directed verdict or, in the alternative, a new trial, on the ground of insufficient evidence to support the verdict. On hearing, the trial court set aside the jury verdict and granted a new trial solely upon the issue of negligence. Plaintiff promptly filed motion to reconsider; to overrule the motion for a new trial; and for entry of judgment on the verdict. This motion was overruled and plaintiff elected to stand upon the record as made, stating, "that he was unable to prove any better case than has already been made, he feels that the evidence is sufficient to sustain the verdict returned by the jury, and hereby elects to stand on the case as made, so the necessity of a new trial may be avoided, and the case as it now stands may be reviewed by the supreme court, plaintiff being convinced that the court has made grievous error in setting aside the verdict and granting a new trial." Thereupon the trial court stated, "That

statement, I presume, is intended for the purpose of obviating a new trial on the ground that the plaintiff cannot produce more definite evidence, that leaves it yet whether the defendant desires to clear up that point." The court then overruled plaintiff's motion, notwithstanding the election made, and set the case for retrial. A nunc pro tunc order was entered to add the following words, "Verdict ordered vacated except as to amount of damages."

■ We see no reason to detail the evidence in this opinion, since the entire matter was submitted to the jury under fair, proper and complete instructions on all questions involved, without any objection as to any instruction by counsel for either party to the litigation. As to the matter of negligence of either party, there is a general conflict sufficient that reasonable men might reach a different conclusion and it was, therefore, clearly the function of the jury to resolve such questions. Counsel for plaintiff stated that they could make no stronger case, and it is apparent from the statements of the trial court, and its findings and orders, that it was of the opinion that defendants might be able, on another trial, to strengthen their defense. Defendants had full opportunity to present their evidence during the course of the trial, made no objections, and saved no exceptions to any rulings of the court.

■ ■ An examination of the testimony clearly discloses sufficient evidence to support the jury's finding, and when the trial court granted a new trial on the issue of negligence alone, it abused its discretion, and such ruling was arbitrary. Ordinarily, when a motion for new trial is based upon the insufficiency of the evidence to support a verdict, the granting or denial of such motion is discretionary with the trial court; however, where the evidence palpably supports the verdict, then such discretion is abused if such motion is granted.

■ ■ The question of the sufficiency of the evidence and the weight to be given thereto was solely within

.the province of the jury and when properly instructed, its verdict should not be disturbed by the trial court in substituting its view of the conflicting evidence for that of the jury. In the case before us, there is substantial evidence, although conflicting, that supports the verdict, and this evidence must be considered in the light most favorable to plaintiff in the matter of supporting the verdict.

We conclude that this case, all of the circumstances considered, does not fall within the usual class of cases that rests in the discretion of the trial court. Plaintiff has the clear right to stand on the record as made, and having made his election, the trial court should have acted so as to protect the right of appeal instead of directing that the matter be set for a new trial. This court has recognized a plaintiff's right to be heard on appeal under somewhat similar circumstances in a number of cases, among which are: *Ward v. Teller Reservoir & Irr. Co.,* 60 Colo. 47, 153 Pac. 219; *Warshauer Sheep & Wool Co. v. Rio Grande State Bank,* 81 Colo. 463, 256 Pac. 21; *Hurt v. Nelson,* 85 Colo. 471, 276 Pac. 982; *Mooney v. Carter,* 114 Colo. 267, 160 P. (2d) 390; *Fey v. Parrish,* 115 Colo. 363, 174 P. (2d) 345.

The cause is remanded with directions to the trial court to vacate the order granting the motion for new trial and to enter judgment in favor of plaintiff in accordance with the jury's verdict.

MR. CHIEF JUSTICE STONE not participating.

MR. JUSTICE ALTER dissents.