No. 16,993.

KINZBACH ET AL. *v.* MIDWEST PLUMBING AND
HEATING COMPANY.
(262 P. [2d] 548)

Decided October 19, 1953.

Mr. CLAUDE W. BLAKE, for plaintiffs in error.

Mr. HAROLD B. WAGNER, Mr. CARL A. WYERS, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

WE will herein refer to the parties as they appeared in the trial court, where plaintiffs in error were defendants, and defendant in error was plaintiff.

Plaintiff sought judgment for the sum of $1,054.84 alleged to be due it as the unpaid balance upon materials and labor supplied to defendants in the installation of plumbing facilities at their home. Defendants acknowledged indebtedness to plaintiff in the amount of $350.00, but denied liability for any greater sum.

The issues made by the pleadings were tried to a jury, which returned a verdict in favor of plaintiff for the sum of $502.84.

The verdict was received on March 1, 1951. Within the time fixed by the court for the filing of motions, plaintiff moved for judgment notwithstanding the verdict, which motion was denied. Thereafter, and within the time allowed, plaintiff filed its motion for new trial based upon asserted erroneous admission of evidence and the inadequacy of the verdict of the jury. This motion was heard

on June 8, 1951, was sustained, and a new trial granted.

July 3, 1951 defendants filed an instrument entitled, "Motion to Set Aside Order Granting New Trial and Motion to Enter Judgment on the Verdict." This motion was denied on December 10, 1951 by Judge Rosenbaum, who was appointed to fill the vacancy created by the appointment of the trial judge to this court. At the time said motion was denied, the trial judge said: "Let the record show that the motion to set aside order granting new trial is denied. Counsel for defendants states that they elect to stand on the verdict of the jury, and they ask for ten and fifty days stay of execution, which is granted, and sixty days is allowed for a transcript of the record."

For twenty-three days following the order of the trial judge granting a new trial, no objection, exception or other action was taken by defendants indicating that they elected to stand upon the record as made, or that they intended to cause a writ of error to be issued to review that order. Among the grounds urged by plaintiff's counsel for affirmance of the judgment, it is argued that a writ of error can be directed only to final judgments; and if the order granting a new trial is considered as a final judgment subject for review, "the appeal was not perfected in apt time."

Question to be Determined.

*Where a jury trial has been had, a verdict received, and a motion for new trial heard and granted, can a party who is dissatisfied with the order granting a new trial preserve his right for a review of said order by filing a motion to vacate the order after twenty-three days have elapsed following the entry thereof?*

■ The question is answered in the negative. Our attention has not been directed to any rule of civil procedure which might justify the filing of the motion to vacate the order granting a new trial. The issue as to whether a new trial should be granted was finally determined in the instant case on June 8, 1951. If defendants intended to treat said order as a final judgment, in the absence of any

order extending the time for further action, pertinent sections of the Rules of Civil Procedure were applicable. Rule 59 (b) R.C.P. Colo., provides inter alia: "A motion for a new trial shall be filed not later than 10 days after the entry of the judgment * * * ." Rule 59 (e) R.C.P. Colo. is as follows: "A motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment." Rule 59 (f) R.C.P. Colo. reads as follows: "The party claiming error in the trial of any case must, unless otherwise ordered by the trial court, move that court for a new trial, and, without such order, only questions presented in such motion will be considered on review."

Defendants contend that the order granting a new trial was a final judgment subject to review by this court. We have held, under certain circumstances, that reversible error is committed by the trial court when, over objection, it granted a motion for a new trial and refused to enter judgment on the jury's verdict, if the objecting party in due time announces his intention to stand upon the record as made. *Lehrer v. Lorenzen,* 124 Colo. 17, 233 P. (2d) 382; *Scott v. Matsuda,* 127 Colo. 267, 255 P. (2d) 403. In each of these cases a new trial was granted over objection of one of the parties. The party thus objecting promptly elected to stand upon the record as made, and no question concerning compliance with the above quoted sections of the Rules of Civil Procedure was raised.

Defendants' argument, in itself, defeats their right to the issuance of a writ of error. Unless the order granting a new trial, to which they object, is a final judgment, they cannot succeed. Assuming, without so deciding, that such an order is one to which a writ of error may be directed, it is apparent that there has been a fatal departure from the requirements of the Rules of Civil Procedure.

The fact that a motion to vacate the order granting a new trial was filed long after the time within which the rules required action to be taken, and the further fact that the court, after several months' delay, passed upon that

374

motion, do not operate to suspend the applicable rules of civil procedure, or to enlarge defendants' time within which to proceed against the order granting a new trial.

Within ten days following the order granting a new trial counsel for defendants were obliged to elect to stand upon the record as made, if they intended to avoid a further trial by proceedings in this court on writ of error. If such an election had been made, the trial court would have had the duty to enter appropriate orders and judgment in anticipation of proceedings in this court. In this way the question as to whether the order granting a new trial is a "final judgment" is eliminated. This procedure was followed in *Hurt v. Nelson,* 85 Colo. 471, 276 Pac. 982; and *Lehrer v. Lorenzen, supra.*

For the reasons hereinabove stated, the writ of error is dismissed and the cause remanded for another trial.

MR. JUSTICE KNAUSS does not participate.