No. 18,614.

FRED B. MOBLEY v. JAMES AUSTIN CARTWRIGHT.
(348 P. [2d] 397)

Decided January 18, 1960.

Mr. Eugene O. Bird, for plaintiff in error.

Messrs. Horn & Anderson, for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

We will refer to the parties as they appeared in the trial court where plaintiff in error was plaintiff and defendant in error was defendant.

The action was brought by plaintiff to recover damages sustained in an automobile accident allegedly caused by the negligence of defendant. Defendant denied negligence on his part; alleged contributory negligence of plaintiff; that the accident was unavoidable and was proximately caused by the negligence of third persons.

The issues were tried to a jury on November 15, 1956, and a verdict was returned in favor of plaintiff for $7,500.00. Defendant filed a motion for a new trial and upon hearing thereof the motion was granted and the case set for retrial. Plaintiff did not elect to stand upon the record as made and, without objection, participated in a second trial of the action commencing December 11, 1957, apparently satisfied to seek a verdict in excess of that returned by the jury on the first trial. The second

trial resulted in a verdict for defendant. December 19, 1957, plaintiff filed a motion to set aside the verdict for defendant returned by the jury on the second trial and to reinstate the verdict for plaintiff returned by the jury in the first trial. This motion was based on the ground that the trial court erred in granting a new trial following the entry of the verdict returned by the first jury. Plaintiff also filed a motion for judgment notwithstanding the verdict, and a motion for a new trial. All of these motions were denied and judgment entered in favor of the defendant. Plaintiff seeks review of this judgment by writ of error.

All of the proceedings in the first as well as the second trial have been made a part of the record on error and a large portion of the brief of counsel for plaintiff is devoted to argument in support of his position that the trial court erred in granting defendant's motion for a new trial after return of the verdict in the first trial.

As already pointed out, the only final judgment entered in this cause is that which followed the second trial. Counsel for plaintiff asserts that reversible error occurred in the second trial in that there was insufficient evidence to sustain the verdict, and that the trial court erred in giving instructions numbered 8, 12 and 16 over objection. These instructions were in the following language:

### "INSTRUCTION NO. 8.

"The jury is instructed that if you find from the evidence that the accident was unavoidable, then none of the parties is entitled to any damages.

"An unavoidable accident is one happening suddenly and unexpectedly and without negligence on the part of anyone."

### "INSTRUCTION NO. 12.

"You are instructed that an injured person is required only to use ordinary care in selecting a physician to effect a cure. If you find from a preponderance of the evidence that the Plaintiff used ordinary care and pru-

dence in selecting his method of cure, he may recover for the injuries so sustained if you also find that the Defendant was negligent; for in law, the liability for mistakes in curing is an incident to the injury.

"If however you find from a preponderance of the evidence that the Plaintiff did not use ordinary care and prudence in selecting his physician or means to effect a cure, the Defendant cannot be charged for such negligence."

"INSTRUCTION NO. 16.

"You are instructed that if you find from the evidence that the injuries and damages complained of by the Plaintiff, if any, were proximately caused by the negligence of Third Person or Persons and not by negligence upon the part of the Defendant, then you shall find for the Defendant."

Questions to be Determined.

■ First. *Where an action is tried to a jury resulting in a verdict for plaintiff and thereafter a motion for a new trial filed by defendant is granted, and plaintiff does not elect to stand upon the record as made but upon retrial participates without objection in a second trial in which a verdict is returned for defendant, and final judgment entered thereon; can plaintiff assert as grounds for reversal that the trial court erred in granting defendant's motion for a new trial following return of the verdict on the first trial, and upon such ground secure reinstatement of the first verdict and the entry of judgment thereon?*

■ This question is answered in the negative. If plaintiff felt aggrieved by the granting of the motion for a new trial the procedure which he was required to follow to preserve his right to review upon that issue is well settled in this jurisdiction. In *Scott v. Matsuda,* 127 Colo. 267, 255 P. (2d) 403, the trial was had, a verdict in favor of plaintiff was returned, and the court granted a new trial upon motion of defendant over the objection of plaintiff on the question of negligence only.

Thereupon plaintiff elected to stand upon the record as made, stating "that he was unable to prove any better case than has already been made, he feels that the evidence is sufficient to sustain the verdict returned by the jury, and hereby elects to stand on the case as made, so the necessity of a new trial may be avoided, and the case as it now stands may be reviewed by the supreme court, plaintiff being convinced that the court has made grevious error in setting aside the verdict and granting a new trial." In that case the court said:

"Plaintiff has the clear right to stand on the record as made, and having made his election, the trial court should have acted so as to protect the right of appeal instead of directing that the matter be set for a new trial. This court has recognized a plaintiff's right to be heard on appeal under somewhat similar circumstances in a number of cases, among which are: * * *." A number of pertinent authorities are cited in support of the rule.

In *Lehrer v. Lorenzen et al.*, 124 Colo. 17, 233 P. (2d) 382, it was the plaintiff whose motion for a new trial was granted over the objection of the defendant, and the latter elected to stand on the verdict of the jury and thereupon withdrew from participating in the new trial ordered by the court. In approving this procedure this court reversed the judgment entered following the second trial and remanded the cause with instructions to reinstate the judgment entered pursuant to the verdict returned by the jury in the first trial.

In *Kinzbach et al. v. Midwest Plumbing and Heating Company*, 128 Colo. 370, 262 P. (2d) 548, under similar circumstances the following pertinent language is found:

" * * * We have held, under certain circumstances, that reversible error is committed by the trial court when, over objection, it granted a motion for a new trial and refused to enter judgment on the jury's verdict, if the objecting party in due time announces his intention to stand upon the record as made. *Lehrer v. Lorenzen*, 124 Colo.

17, 233 P. (2d) 382; *Scott v. Matsuda,* 127 Colo. 267, 255 P. (2d) 403. In each of these cases a new trial was granted over objection of one of the parties. The party thus objecting promptly elected to stand upon the record as made, * * *."

██ Counsel for plaintiff admits that the procedure outlined in the foregoing cases could have been followed by him. He contends, however, that this procedure is optional and does not deprive plaintiff of the right to raise the question of error in granting a new trial after he voluntarily participated in a second trial which resulted in a judgment against him. We cannot agree with this contention. By participating in the second trial, without objection, plaintiff elected to take his chances upon a retrial of the issues, and waived any alleged error of the court in conducting the first trial. The proceedings there form no part of the record upon which the reviewable judgment was entered.

Second. *Did the trial court err in giving to the jury Instructions Nos. 8, 12 and 16 hereinabove set forth in full?*

██ This question is answered in the negative. In this connection it is sufficient to say that under the authority of *Stephens et al. v. Lung,* 133 Colo. 560, 298 P. (2d) 960, there was sufficient evidence to warrant the giving of Instruction No. 8. With reference to Instruction No. 12, counsel for plaintiff states in his brief:

"No objection is made to the instruction as an abstract statement of the law. Objection is made to the instruction under the facts and evidence of this case. * * *" .

Assuming without deciding that this instruction is correct as an abstract statement of the law, we cannot agree with the contention of plaintiff's counsel that there was no evidence to warrant giving the instruction by the trial court.

In connection with Instruction No. 16, it is claimed that this instruction submitted to the jury a question not present in the case. There was a third car involved in the

accident out of which this action arose. The operator of the third automobile is not a party to the action. We are satisfied that the giving of this instruction, even if erroneous, was not prejudicial to the rights of plaintiff.

The judgment is affirmed.

MR. JUSTICE FRANTZ and MR. JUSTICE DOYLE concur.