No. 19,684.

MAR-LEE CORPORATION, ET AL. *v.* ROBERT W. STEELE AS DISTRICT JUDGE, ETC.
(359 P. [2d] 364)

Decided February 14, 1961.

448

Messrs. DONALDSON, HOFFMAN & GOLDSTEIN, for petitioners.

Messrs. GALLIGAN AND FOLEY, for respondent.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is an original proceeding instituted in this court in which petitioners secured the issuance of a rule directed to the respondent to show cause why the district court of the City and County of Denver should not be directed to vacate an order entered in an action there pending, and to proceed to trial and determination of that cause on the merits as a class action. Pursuant to the requirement of the rule, respondent made answer. The circumstances thus shown to exist, which form the basis of this controversy, are as follows:

Mar-Lee Corporation and T. W. N. Company, hereinafter referred to as plaintiffs or by name, filed an action in the district court in which eleven persons were named as defendants together with "all other persons similarly situated" and "All Unknown Persons Who Claim Any Interest in the Subject Matter of This Action." Personal service of summons was had upon the named defendants, and service by publication had on the unknown defendants.

It was alleged in the complaint that plaintiffs owned certain real estate located in Mar-Lee Manor Filing No. 2 in Denver; that the named defendants were owners of lots in various blocks within said addition and were representative of a class — namely all the owners of real

estate within the addition; that the class thus represented by the named defendants consisted of so many persons that it would be "impractical to bring them before the Court, but all members of the class have similar interests involving common questions of law and fact and a common relief is sought against all; that the Defendants will fairly insure the adequate representation * * * " of all the members of the class.

The particular relief sought by the plaintiffs in said action was an adjudication that certain "Protective Covenants" appearing of record purporting to restrict the use of lots in the addition to occupancy as residences, should be held not to prevent the erection of a church building on the property owned by plaintiffs.

The named defendants joined issue, asserted the validity of the restrictive covenant, and questioned the authority of the court to determine the rights of all property owners in the addition in a "class action." The answer contained, inter alia, the following:

"That the so-called class is not too numerous to bring before the Court and each property owner in said area must be made a party to this action.

"That the Protective Covenant involved is a property right.

"That unless each property owner is joined in this proceeding, Rule 23 of the Rules of Civil Procedure of the Colorado Supreme Court, as applied by the plaintiffs herein, is violative of the 14th Amendment to the Constitution of the United States of America, and Sections 14 and 25 [Article II] of the Constitution of the State of Colorado."

November 10, 1960, the trial judge ruled as follows:

"I find from the evidence and argument of counsel presented to the court in this case that this is not a proper case for a class action. The plaintiff has not established to the satisfaction of the court that the persons who are interested in property involved here are so numerous that it would make it impracticable to bring

them into court by proper process, nor has it been established to the satisfaction of the court that the defendants who have been brought into court will adequately represent all other persons who are interested in the property involved. For those reasons in my judgment the case is not properly brought under a class action theory and if plaintiff wishes to proceed with this action, all persons interested in the action must be served by process and brought into court."

No further action was taken in the district court. December 19, 1960, the petition for issuance of the rule to show cause was filed in this court.

We conclude that the rule to show cause should be discharged for the reason that petitioners have an adequate remedy at law by writ of error under procedures which are well defined. We have no reporter's transcript before us. We cannot properly determine the propriety of the court's ruling in the absence of a reporter's transcript. Under the situation presented following the trial court's ruling, counsel for petitioners had only to elect to stand on the record as made, and it would thereupon have been the duty of the trial court to enter a judgment of dismissal which would be subject to review by writ of error. This procedure has been approved under comparable situations in *Mooney v. Carter*, 114 Colo. 267, 160 P. (2d) 390; *Kinzbach v. Midwest Company*, 128 Colo. 370, 262 P. (2d) 548; *Mobley v. Cartwright*, 141 Colo. 413, 348 P. (2d) 379; *Chartier v. Winslow Crane Service Company*, 142 Colo. 294, 350 P. (2d) 1044.

If petitioners desire review they can elect to stand on the record as made, whereupon the trial court, consistent with its previous ruling, should enter judgment of dismissal, the correctness of which would be subject to review by writ of error.

The rule is discharged.

MR. JUSTICE SUTTON did not participate.