Opinion by
Mr. Justice Moore.
■ We will refer to the parties by name, plaintiff in error as Barbara, and defendant in error as Bill.
Bill brought the action to recover damages for personal injuries and property damages which he alleged were sustained in an automobile accident caused by the negligence of Barbara. She denied the negligence attributed to her, and alleged affirmatively that Bill was *346 guilty of contributory negligence, and that the accident was unavoidable.
The trial was to a jury which returned a verdict in favor of Bill for damages in the amount of $500.00. Thereafter he filed a motion to alter or amend the judgment or, in the alternative, for a new trial on the question of damages only, or as a second alternative for a new trial on all the issues.
Following hearing on this motion the trial court entered an order:
“ * * * that additur be granted in the sum of $6,500.00, with the provision that if the defendant elects not to pay the sum within 30 days or if the plaintiff elects not to accept the sum within 30 days, a new trial be granted on the issues of damages alone. * * * ”
On the day following the entry of this order counsel for Barbara filed an election which contained in pertinent part the following:
“COMES NOW the defendant * * * and objecting to the Order of this Court dated February 24, 1960, * * * elects to stand upon the record as made and announces her intention to appeal to the Supreme Court of Colorado seeking reversal of the Order granting Additur or, in the alternative, a new trial on the question of damages alone.”
No further action was taken in the trial court. Writ of error issued and briefs of counsel have been filed in which the validity of the above mentioned court order is assailed by counsel for Barbara and defended by counsel for Bill. Overlooked by the parties is the fact that writs of error, except as otherwise specifically provided, “shall lie from the supreme court to: (1) A final judgment of any district, county or juvenile court in all actions * * *.” Rule 111, R.C.P. Colo.
In the instant action no final judgment has been entered. The trial court, following the election of counsel to stand upon the record as made, did not act so as to protect the right of Barbara to have review of a final *347 judgment. Upon the election being made, the action should have proceeded to judgment and after the entry thereof counsel for Barbara, if she felt aggrieved thereby, could seek review and request reinstatement of the verdict of the jury which is shown by this record. Lehrer v. Lorenzen, et al., 124 Colo. 17, 233 P. (2d) 382.
In Kinzbach, et al. v. Midwest Plumbing and Heating Company, 128 Colo. 370, 262 P. (2d) 548, we find the following statement which is applicable here:
“ * * * If such an election had been made, the trial court would have had the duty to enter appropriate orders and judgment in anticipation of proceedings in this court. In this way the question as to whether the order granting a new trial is a ‘final judgment’ is eliminated. This procedure was followed in Hurt v. Nelson, 85 Colo. 471, 276 Pac. 982; and Lehrer v. Lorenzen, supra.”
In Mobley v. Cartwright, 141 Colo. 413, 348 P. (2d) 379, the duty of the trial court under circumstances comparable to those present in the instant case was stated as follows:
“Plaintiff has the clear right to stand on the record as made, and having made his election, the trial court should have acted so as to protect the right of appeal instead of directing that the matter be set for a new trial. * * * ”
The order to which the writ of error is directed in this case is not a “final judgment” within the meaning of Rule 111, R.C.P. Colo. The writ of error is dismissed without prejudice to the right of Barbara to full review of any final judgment which may be entered in the trial court.
Mr. Justice Sutton and Mr. Justice Day concur.