Opinion by
Mr. Justice Moore.
This case is before this court for the second time. See Herzog v. Murad, 147 Colo. 345, 363 P. (2d) 645. We quote from pertinent parts of that opinion the following:
“We will refer to the parties by name, plaintiff in error as Barbara, and defendant in error as Bill.
“Bill brought the action to recover damages for personal injuries and property damages which he alleged were *81 sustained in an automobile accident caused by the negligence of Barbara. She denied the negligence attributed to her, and alleged affirmatively that Bill was guilty of contributory negligence, and that the accident was unavoidable.
“The trial was to a jury which returned a verdict in favor of Bill for damages in the amount of $500.00. Thereafter he filed a motion to alter or amend the judgment or, in the alternative, for a new trial on the question of damages only, or as a second alternative for a new trial on all the issues.
“Following hearing on this motion the trial court entered an order:
“* * * that additur be granted in the sum of $6,500.00, with the provision that if the defendant elects not to pay the sum within 30 days or if the plaintiff elects not to accept the sum within 30 days, a new trial be granted on the issues of damages alone. * * *”
“On the day following the entry of this order counsel for Barbara filed an election which contained in pertinent part the following:
“COMES NOW the defendant * * * and objecting to the Order of this Court dated February 24, 1960, * * * elects to stand upon the record as made and announces her intention to appeal to the Supreme Court of Colorado seeking reversal of the Order granting Additur or, in the alternative, a new trial on the question of damages alone.”
“No further action was taken in the trial court. Writ of error issued and briefs of counsel have been filed in which the validity of the above mentioned court order is assailed by counsel for Barbara and defended by counsel for Bill. Overlooked by the parties is the fact that writs of error, except as otherwise specifically provided, “shall lie from the supreme court to:
“(1) A final judgment of any district, county or juvenile court in all actions * * *.” Rule 111, R.C.P. Colo.”
In that opinion this court ordered the writ of error dis *82 missed “without prejudice to the right of Barbara to full review of any final judgment which may be entered in the trial court.”
Following dismissal of that writ of error, counsel for Barbara filed a motion for entry of judgment on the verdict of the jury theretofore returned. This motion recited the preceding events including the order concerning the additional sum of $6,500.00 entered by District Judge Harrison who presided at the trial; asserted that following dismissal of the first writ of error it was incumbent upon the court to enter judgment, “but the judges of the court as presently constituted have not heard any of the evidence in the case, nor any of the arguments of counsel.” (The judge who tried the case was no longer a judge of the district court and could not function in the premises). It was asserted that “there is a presumption in law in favor of the verdict of the jury and the only judgment which can properly be entered” is a judgment in favor of the plaintiff for $500.00 pursuant to the verdict.
Counsel for Bill resisted this motion, contending that it was the duty of the trial court either to enter a judgment for $7,000.00 on agreement of counsel, or to grant a new trial on the issue of damages alone. It was further sought to amend the complaint by increasing the ad damnum clause from the amount originally claimed to the sum of $30,000.00. This motion was denied.
The trial court entered judgment for $7,000.00 in favor of Bill. In so doing the court commented as follows:
“THE COURT: The Court has, of course, in preparation for this, read the opinion and the citations therein.
“It is the interpretation of the trial court at this time that it is the duty of this Court to direct the Clerk to enter judgment, and that final judgment should be, and is to be, in the sum of $7,000.00. The plaintiff or defendant herein is granted sixty days within which to lodge a reporter’s transcript.
*83 “The Court is taking the position that by a previous filing there is an objection to new trial. The objection to the new trial still stands, therefore the alternative is available to the defendant to appeal on the record. You are still standing on that rather than a new trial, is that correct?
“MR. WOLVINGTON: Yes.
“THE COURT: Very well. So that the election having been made, the next procedure will be for one side or the other, if it chooses, to appeal from the judgment of the trial court, which is to translate the order of Judge Harrison into judgment, and that judgment will be placed of record in the judgment book here.”
By entering judgment for the sum of $7,000.00 in favor of Bill it is apparent that the trial court misapprehended the effect of the order which had theretofore been entered by former district judge Harrison. It is clear that the latter did not intend to enter a judgment for $7,000.00 unless such action was acceptable to both parties. If, within the time fixed in the order, either party to the action objected thereto, then it was required that “a new trial be granted on the issues of damages alone.” Counsel for Barbara objected to the entry of judgment.
The trial court did not “translate the order of Judge Harrison into judgment.” Had it done so a new trial on the issue of damages alone would have been entered. Upon the entry of such an order counsel for Barbara might have stood on the record as made and withdrawn from further participation, or they could have participated in the retrial and directed a writ of error to any adverse judgment resulting. The judgment for $7,000.00, entered under the circumstances described above, cannot stand.
We have reviewed the record in the original trial and now hold that the ends of justice will best be served by a retrial of the action on all issues framed by the plead *84 ings. The amendment to the ad damnum clause which counsel for Bill sought to make should be permitted.
The judgment is reversed and the cause remanded for a new trial.
Mr. Justice Hall and Mr. Justice Pringle concur.