No. 20,131

Alma Dale, et al., *v.* Safeway Stores, Inc., et al.
(383 P. [2d] 795)

Decided July 22, 1963.

Mr. Lawrence Litvak, for plaintiffs in error.

Messrs. Wood, Ris & Hames, Mr. Thomas T. Crumpacker, for defendants in error.

*In Department.*

Opinion by Mr. Justice McWilliams.

Upon trial a jury returned a verdict in favor of Alma Dale against the Safeway Stores, Inc., and one of its store managers, Larry Deuschle, in the amount of $2,750, the litigation having its genesis in a fall allegedly suffered by Mrs. Dale while shopping in a Safeway store. At the same time the jury also returned a verdict for Alma's husband—William—against the defendants, but determined that he had suffered no damage in connection with his alleged loss of consortium and companionship.

Subsequent to the return of the two verdicts, but before entry of judgment, the following motions were filed by the litigants:

1. The Dales filed a "Motion for New Trial" wherein they sought a new trial on the issue of damages only or, in the alternative, a new trial on all issues;

2. The Dales also filed a "Motion to Modify Verdict or for New Trial as to Damages" wherein they sought additur or, alternatively, a new trial on the issue of damages; and

3. The defendants filed a "Motion to Set Aside Verdict and for Judgment Notwithstanding Verdict."

Each of these motions was denied, whereupon the trial court directed entry of judgment. Within ten days thereafter the Dales filed a second "Motion for New Trial," again seeking a new trial — but only as to the issue of damages, and as reason therefor alleged that subsequent to trial Alma Dale had "undergone additional surgery for injuries received at the time of her

fall in the defendants' store." This motion after extended argument was granted, although the court in so many words reserved the right to later determine whether the new trial would be on all issues or the issue of damages only. In this regard the record discloses that it was the expressed hope of the trial judge that counsel for the Dales and the defendants could themselves voluntarily agree upon the scope of the new trial. To no one's surprise, however, opposing counsel could not arrive at agreement in regard thereto. Rather, the defendants immediately filed a "Motion re New Trial" wherein they asked the court to vacate its order granting a new trial or to declare that the new trial would be on *all* issues in controversy between the parties.

After much more argument of counsel the trial court by appropriate order directed that the new trial be on all issues, but suspended this order to permit the Dales even further opportunity to file a brief in opposition thereto — the Dales still being desirous of a new trial, but only on the one issue of damages. After further hearings the court finally determined that the new trial would be "on all issues in the case and not on the issue of damages only."

At this juncture it is opportune to observe that though neither the Dales nor the defendants were in accord with the trial court in its various and sundry rulings on the several motions filed by them, nevertheless neither party elected to stand on the record as made, but each thereafter participated in the second trial of this matter.

The outcome of the retrial was even less satisfactory to the Dales than that of the original trial, the jury this time returning verdicts in favor of Safeway and its store manager. The retrial, incidentally, was before a judge other than the judge who presided over the first trial and who had ruled on the various motions in connection therewith. The Dales' motion for new

trial and for judgment notwithstanding the verdict of the jury was denied and judgment of dismissal entered. The Dales are here by writ of error, seeking reversal of this judgment dismissing their respective claims.

The Dales initially contend that the trial court erred in denying their motion for additur filed by them immediately after the first trial and in later directing that the second trial thereof should be on all issues, when they had sought a new trial only as to the issue of damages. In our view the Dales having participated in the second trial of this matter thereby waived their right to a review of these several rulings of the trial court. In support of this conclusion, see *Chartier, et al., v. Winslow Crane Service Company,* 142 Colo. 294, 350 P. (2d) 1044; *Mobley v. Cartwright,* 141 Colo. 413, 348 P. (2d) 379; *Scott v. Matsuda,* 127 Colo. 267, 255 P. (2d) 403; and *Geraghty v. Randall,* 18 C.A. 194, 70 Pac. 767.

The disposition of the foregoing assignment of error on the grounds of waiver should not be construed as an indication that we are of the view that the trial court erred in setting the matter for trial on *all* issues. Rule 59 R.C.P. Colo. authorizes the filing of a motion for new trial and empowers the court under certain conditions to grant a new trial "on all or part of the issues." By asking for a new trial on a "part of the issues" counsel cannot thus tie the court's hand to the end that it is powerless to grant a new trial on all issues. In this connection we approve the following language appearing in *Clark v. New York, N.H. and H.R. Co.,* 33 R.I. 83, 80 A. 406, at page 413:

"A party cannot demand on a motion for a new trial, that, without regard to the views of the trial judge, the findings which are in his favor shall remain undisturbed, while only those which are prejudicial or unsatisfactory to him shall be passed upon. While the trial judge may grant a new trial on the question of damages or upon a single issue where the evidence bearing upon it is separable from and does not hinge

upon that bearing upon other issues, and he thinks such action proper, it is nevertheless always within his discretion in granting a new trial to make it general instead of partial. A party by moving for a new trial on the question of damages only cannot restrict the judge so as to prevent the exercise of sound judicial discretion."

At the second trial the Dales called one Ernest Sandoval and sought leave of court to cross-examine him, and as authority to so do cite 43 R.C.P. Colo. and C.R.S. '53, 153-1-16. The trial court denied this request, and error is now predicated on that ruling.

■ Sandoval was not a party defendant. At the point in the proceedings where the Dales sought to cross-examine him, counsel made no offer in connection with his bald demand to be permitted to cross-examine. However, it was subsequently learned when Sandoval was called as a witness by the defendants that at the time of Alma Dale's fall he was an assistant produce clerk in the store where the mishap occurred, though at the time of trial he was serving in the armed forces. Clearly Sandoval was neither a director, officer, superintendent or managing agent of Safeway Stores, Inc., as those words are used in Rule 43 R.C.P. Colo. or C.R.S. '53, 153-1-16. Nor was there *any* showing that Sandoval was an "unwilling or hostile witness" to the end that under Rule 43 R.C.P. Colo. he could be interrogated by leading questions. Under these circumstances there was no error in refusing to permit the Dales to cross-examine Sandoval as a part of their case in chief.

■ The trial court over objection instructed the jury as to contributory negligence, and it is now contended that there was no evidence to warrant the giving of such an instruction. Our examination of the record convinces us that there was no error in the giving of said instruction. According to Alma Dale she slipped and fell in a Safeway store when she stepped on a green bean which was lying on the floor in the area

586

near the produce counter, testifying in this regard that she failed to see the bean until after the fall. Under all the circumstances the giving of the stock instruction on contributory negligence was not error.

Finally the Dales contend that error was committed by the trial court in giving instruction number 11 to the jury. It is contended that the instruction is not only erroneous, but repetitious within itself and redundant when considered with the other instructions given. The instruction as drawn is perhaps not a model of clarity or conciseness, but when considered with the other instructions does not constitute reversible error. The instruction itself is based on language appearing in *Drake v. Lerner*, 145 Colo. 1, 357 P (2d) 624.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE HALL concur.