No. 20,330.

Roger D. Noland v. Colorado School of Trades, Inc., ET AL.

(386 P. [2d] 358)

Decided October 28, 1963.     Rehearing denied November 18, 1963.

Mr. Robert E. McLean, Mrs. Marjorie Worland McLean, Mr. Richard D. Greene, for plaintiff in error.

Messrs. Yegge, Hall and Shulenburg, Mr. Wesley H.

Doan, Mr. Bernard P. O'Kane, for defendants in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Roger D. Noland was plaintiff in this action, and defendants named in his complaint were the Colorado School of Trades, Inc., John J. Snyder, Richard Gonser, and Richard E. Kroeckel. The action was brought to recover damages for personal injuries allegedly sustained by Noland resulting from the negligence of defendants in handling a firearm upon premises operated by the Colorado School of Trades, Inc. The only person designated by Noland as an adverse party in the proceedings before this court is the corporate defendant Colorado School of Trades, Inc. We will accordingly refer to plaintiff in error by name or as plaintiff, and to the defendant in error as the School. Others named as defendants in the trial court but not appearing here will be mentioned by name.

Noland alleged in his complaint that the School conducted general gunsmithing classes in Jefferson county; that the defendant Gonser was a student of said school and was acting under the direction and control of the school at the time of the accident involved in this case; that the defendant Kroeckel was an instructor employed by the School and while engaged in the course of his employment he and defendant Gonser, on November 4, 1959, negligently mishandled a gun barrel containing a lead slug. The powder in the gun barrel exploded causing the slug to strike plaintiff in the right hip resulting in permanent injuries and damages to him. He further alleged that at the time of said incident he was on the premises of the School as an invitee.

It was alleged in a second claim that at the time and place above mentioned defendants, " * * * engaged in an ultra-hazardous activity or undertaking in the han-

dling, storing, maintaining and using of 'gun powder.' That it was as a direct and proximate result of the defendants ultra-hazardous activity in the use of said 'gun powder,' that caused the serious injuries and damages to the plaintiff as are herein described. That the conduct of the defendants, and of each of them, constituted an ultra-hazardous activity."

In the answer of the School it was admitted that defendant Kroeckel was an instructor employed by it; denied that Gonser was connected in any manner as an agent of the School; and denied that any of the named defendants had been negligent as claimed by plaintiff. Affirmative defenses of contributory negligence, assumption of risk, and unavoidable accident were relied on by the School. Other defendants filed similar answers.

At the close of the evidence counsel for Kroeckel moved the court for a directed verdict, which the trial court granted in the following manner:

"THE COURT: The motion is going to be granted to Mr. Kroeckel. I don't think he had anything to do with it.

"That leaves Snyder and Kroeckel out and that leaves Gonser and the corporation."

At the conclusion of the trial to a jury a verdict was returned awarding damages in favor of Noland and against the School in the sum of $16,000.00. As to the defendant Gonser the verdict of the jury was in his favor. The court entered judgment accordingly. Noland, being satisfied with the judgment against the School, filed no motion for a new trial as to the defendants who were eliminated from the case, namely, Snyder, Kroeckel and Gonser. Counsel for the School filed no motion for a new trial but did file a motion for judgment notwithstanding the verdict. This motion contained the following statement:

"AS GROUNDS FOR THIS MOTION, the defendant shows unto the Court as follows:

"1. That in accordance with the allegations of Para-

graphs 3 and 4 of the plaintiff's Amended Complaint of the First Claim for Relief thereof, the only possible theory upon which the liability of the defendant, Colorado School of Trades, Inc., a corporation, could be predicated upon was that of the agency of Richard Gonser and Richard E. Kroeckel, the allegations being that they were acting as agents, servants, and employees of the Colorado School of Trades, Inc., and through the negligence of such agents, the plaintiff sustained the injuries and damages alleged in his complaint.

"2. That in accordance with the Motion for a Directed Verdict made by the defendant, Richard E. Kroeckel, at the close of all of the evidence, the Court directed a verdict of dismissal against such agent, and by reason of the jury verdict, returned against the plaintiff and in favor of the defendant, Richard Gonser, both of the agents were dismissed from the case and therefore there was no finding made by the Court or jury upon which liability against the corporation could be predicated.

"3. That in accordance with the provisions of the applicable law of the State of Colorado, where there is a verdict against the employer or principal, and one in favor of the employee or agent, the same is equivalent to a finding that no cause of action exists, and, consequently, there can be no judgment against the employer, and under the circumstances of the instant case, the direction of the verdict against the plaintiff in favor of the defendant, Kroeckel, and the return of a verdict in favor of the defendant, Gonser, by the jury, indicated the feeling of the Court and jury that no cause of action existed in the instant case, since the corporation could only act through its agents and employees to cause harm or injury to the plaintiff, and therefore, under the circumstances, the instant case cannot be held liable."

The trial court granted the School's motion, vacated the judgment for $16,000.00 theretofore entered in favor of Noland, and entered a judgment in favor of the School. All this over objection of counsel for Noland

who elected to stand upon the record as made and seek review of the single question of whether the trial court erred in granting the motion for judgment notwithstanding the verdict.

After writ of error issued and prior to the date upon which the record was filed in this court, the School filed a motion to dismiss the writ of error on the ground that no "Motion for a New Trial" was filed by Noland following entry of the judgment in favor of the School. This motion was denied, but the point is again urged in the brief of counsel for the School. We think it sufficient to say that here the party aggrieved by the action of the court in sustaining the motion for judgment notwithstanding the verdict, namely plaintiff Noland, did not want a new trial. He wanted the judgment which had been entered on the verdict of the jury and was willing to stand or fall upon the resolution of the question of whether the trial court acted properly in setting aside the verdict of the jury and entering a judgment against him and in favor of the School. In order to thus confine the issue on writ of error, counsel for Noland "elected to stand upon the record as made." He then promptly caused writ of error to issue.

We have repeatedly held that where a trial court grants a motion for new trial the litigant adversely affected thereby may elect to "stand upon the record as made" and thereby secure a review of the single question of whether the trial court erred in granting such motion. *Lehrer v. Lorenzen,* 124 Colo. 17, 233 P. (2d) 382; *Scott v. Matsuda,* 127 Colo. 267, 255 P. (2d) 403; *Mobley v. Cartwright,* 141 Colo. 413, 348 P. (2d) 397. The same remedy is available to one adversely affected by the action of the court in granting a motion for judgment notwithstanding the verdict. He is not compelled, by Rule 59(f), R.C.P. Colo., to file a motion for new trial in circumstances where he doesn't want a new trial. If he elects to stand upon the record as made he is not compelled to run the risk involved in filing a motion

for new trial, which, if granted, would deprive him of his right to review upon the question of whether the court erred in entering a judgment notwithstanding the verdict.

We point up the fact that after the jury verdict was received and judgment entered thereon, counsel for the School filed only the motion for judgment notwithstanding the verdict. No request was made for a new trial because of any claimed error occurring in the course of the trial in the event the motion for judgment notwithstanding the verdict should be denied. Thus counsel for the School, as well as counsel for Noland, saw fit to "put all their eggs in one basket." The former by asking no alternative relief in the form of a new trial for claimed error apart from the grounds upon which judgment was sought; the latter by electing to stand upon the record as made following the granting of the motion for judgment notwithstanding the verdict. Thus the parties have placed before this court for determination the single question of whether the trial court erred in granting the motion for judgment notwithstanding the verdict. The record before us shows only that said motion was granted, and it must be assumed that the "grounds" upon which the court based its conclusion were those stated in the motion. If these "grounds" are sufficient under the record before us the judgment must be affirmed. If, however, they are insufficient, the original judgment in favor of Noland for $16,000.00 must be reinstated and affirmed.

The evidence discloses that plaintiff received the injuries of which he complains as a result of the efforts of Kroeckel and Gonser to remove a bullet from the barrel of a rifle. The firearm was left with the school by a customer who wanted to have the gun barrel cleared. Kroeckel was the man in charge. Under his direction various attempts were made to drive out the bullet. These efforts included use of gunpowder in a special cartridge to be used as a propellant to force the

bullet out. Kroeckel testified: "Then I took the cartridge I had made for this purpose and took it back to the test tube, which is a hole in the ground there for shooting, and attempted to fire the weapon. It did not fire."

He continued as follows: "I opened the action to get the cartridge case out of the firearm and to remove as much of the powder as we could get out of the case and the bore."

Kroeckel then gave the gun to Gonser to disassemble, instructing him to "shake as much powder as he possibly could, then try to drive it out." Gonser did as instructed, placing the gun barrel in a vise, in which operation plaintiff, who had entered the premises, took hold of the gun barrel " * * * to steady it for him, let him go ahead and tap the slug out." Powder in the barrel thereupon exploded and the bullet lodged in the barrel struck plaintiff in the hip.

Plaintiff testified that he had been told by Gonser that he was "slugging" the barrel. This term has a trade meaning with which plaintiff was familiar and to one engaged in gunsmithing it indicates that a lead or other soft metallic substance is being forced through a barrel to measure it or to detect flaws therein. The term "slugging a barrel" does not involve the use of gunpowder or any other explosive. Other evidence, including that of experts, was admitted but no good purpose would be served by a detailed statement thereof.

We have read the transcript from which it is clear that the trial court erred in directing a verdict in favor of the defendant Kroeckel. There was ample evidence on which the jury might have based a finding of negligence. In fact it is quite apparent that the verdict returned against the corporate defendant must have been based upon the fact that in the eyes of the jury Kroeckel was negligent in the premises. The jury was instructed that:

"* * * the Colorado School of Trades, Inc., is a corporation and can act only through its officers and em-

ployees. Any act or omission of an officer or employee within the scope of his employment is the action or omission of the defendant, Colorado School of Trades, Inc."

It is admitted that Kroeckel, an employee and instructor of the school, gave the directions to Gonser, a pupil at the school, to do that which resulted in the injuries sustained by plaintiff. Whether reasonable precautions were taken in view of the fact that a charge of gunpowder had been placed in the barrel was a matter for the consideration of the jury.

The trial court erred in directing a verdict for Kroeckel. A verdict against him would have had sufficient support in the evidence. The action of the trial court left the case in the same status in which it would have been if the school had been the only defendant in the action. The plaintiff did not see fit to assign error upon the action of the trial court in directing a verdict in favor of Kroeckel. He was not designated as a party to this writ of error.

From the foregoing it follows that the "grounds" set forth in the motion for judgment notwithstanding the verdict are insufficient to warrant the granting thereof. The judgment is reversed and the cause remanded with directions to enter judgment in favor of Noland and against the school, pursuant to the verdict returned by the jury upon the trial of the case.